United States District Court
Southern District of Texas
FILED

FEB 13 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EUGENIO REYNA MONTOYA,            )
ERASMO ORNELAS-ALANIS, and        )
SALOME RODRIGUEZ-CARACHEO,        )
   In their own name and right,  )
   and on behalf of all others    )
   similarly situated,            )
                                  )
v.                                )   C.A. No. B-02-026
                                  )
E.M. TROMINSKI, INS DISTRICT      )
   DIRECTOR, and                  )
JOHN ASHCROFT, ATTORNEY           )
   GENERAL OF THE UNITED STATES.  )
_____)

**PETITION FOR WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Eugenio Reyna Montoya, Erasmo Ornelas-Alanis, and Salome Rodriguez-Caracheo, on their own behalf and on behalf of all others similarly situated, file the instant, Petition for Writ of Habeas Corpus, and Class Action Complaint for Declaratory and Injunctive Relief.

### I. JURISDICTION AND VENUE

1. Jurisdiction herein is laid under 28 U.S.C. §§2241 (habeas corpus), 1331 (federal question), and 1346(a)(2) (actions against Officers of the United States), and pursuant to 28 U.S.C. §2201 et seq, (Declaratory Judgment Act).

2. Many of the acts and omissions complained of herein occurred in Harlingen, Texas, where Respondent Trominski maintains his offices. Further, all three named Petitioners are currently detained by Respondents at the Port Isabel Service Processing Center, ("PISPC") in Bayview, Texas, within the jurisdiction of this Court.

## II. THE PARTIES

3. Petitioner Eugenio Reyna Montoya is a twenty-nine year old, married, native and citizen of Mexico, and lawful permanent resident of the United States. He is currently detained by Respondents, without bond, at PISPC.

4. Petitioner Erasmo Ornelas-Alanis is also a native and citizen of Mexico, and lawful permanent resident of the United States, who is currently detained by Respondents, without bond, at PISPC.

5. Petitioner Salome Rodriguez-Caracheo is also a native and citizen of Mexico, and lawful permanent resident of the United States, who is being held by Respondents, without bond, at PISPC.

6. Respondent E. M. Trominski is the District Director of the Harlingen, Texas, office of the Immigration and Naturalization Service. He is sued in his official capacity only.

7. Respondent John Ashcroft is the Attorney General of the United States. He is also sued in his official capacity only.

## III. THE FACTS

8. Petitioner Reyna was admitted to the United States as a lawful permanent resident when he was eight years old, on or about March 12, 1981. On or about January 7, 2000, Mr. Reyna was charged in Brooks County, Texas, with (simple) possession of marijuana.

9. On November 1, 2001, he was granted three years probation, on a deferred adjudication disposition, pursuant to Article 42.12, Section 5(a), of the Texas Code of Criminal Procedure.[1] He was

---

[1] Deferred adjudication was previously not considered to be a conviction. *Martinez-Montoya v. INS*, 904 F.2d 1018 (5th Cir. 1990). *See also, Matter of Ozkok*, 19 I&N Dec. 546 (BIA 1988). This was changed by IIRIRA, which enacted 8 U.S.C. §1101(a)(48)(A), removing

not in "criminal custody" at that time. Rather, he walked into Court to dispose of the case, and when it was over, he walked out.

10. After he left Court, Mr. Reyna returned to the Rio Grande Valley, to make certain arrangements, and later that day, was detained at the INS checkpoint, on his way home. He truthfully disclosed his legal problems to the officers on duty, and was detained, without bond.

11. At that time, an NTA was issued. It alleged, and he denied, that he had been "convicted" of possession of marijuana. Removability was charged under both §237(a)(2)(B)(i), for conviction of an offense relating to a controlled substance, and §237(a)(2)(A)(iii) for conviction of an aggravated felony.

12. Mr. Reyna contested both charges.[2] He also sought bond, asserting that since he had never been confined pursuant to a conviction, he had never been "released" from criminal custody, as that term is used in 8 U.S.C. §1226(c)(1), and therefore did not

---

the element of finality from the definition of conviction. However, *Manrique* was not based on a lack of finality of the criminal proceedings, but on an analogy to the Federal First Offender Act, 18 U.S.C. §3607(a), ("FFOA"). which precludes a finding that there was a "conviction" in such cases. Therefore, Petitioner denied that he had been "convicted" of the offense.

[2] Mr. Reyna urges that he falls within the policy exception carved out by *Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995), and that proceedings should be terminated, notwithstanding *Matter of Roldan*, I.D. No. 3377 (BIA 1999), holding that *Manrique* was superceded by §101(a)(48)(A). Said decision was disapproved in *Lujan-Armendariz v. INS v. INS*, 222 F.3d 728 (9th Cir. 2000), on the grounds that it deprives immigrants such as Mr. Reyna Equal Protection of the laws, since, under the FFOA, they would not be considered "convicted" if they had received equivalent rehabilitative treatment in federal, rather than state, court. Although not directly relevant to the bond issues, this is mentioned to show that the proceedings herein will be protracted. This is not a case of an immigrant dragging out the inevitable, as in *Parra v. Perryman*, 172 F.3d 954 (7th Cir. 1999), but of one who seriously contests that he is removable as charged.

fall within the mandatory detention provisions that section.

13. The Immigration Judge disagreed, and declined to set a bond. Mr. Reyna filed a timely appeal, which appeal is still pending. However, said appeal addresses only the statutory issues, as the BIA lacks jurisdiction over the constitutional claims. Further, it will take several weeks, if not months, before the appeal is adjudicated, during which time he will remain detained, without bond. His administrative remedies are therefore inadequate.[3]

14. Petitioner Ornelas has been a lawful permanent resident since 1978. In 1994, he pled guilty to the offense of (simple) possession of cocaine, for which he was placed on probation.

15. On or about January 25, 2002, he was detained at the Falfurrias checkpoint, and placed under proceedings. He was held without bond, allegedly pursuant to 8 U.S.C. §1226(c)(1). He requested a hearing on the question of bond before an Immigration Judge, asserting that since he had never been confined pursuant to a conviction, he had never been "released" from criminal custody, as that term is used in 8 U.S.C. §1226(c)(1), and therefore did not fall within the mandatory detention provisions that section. The Immigration Judge concluded that he was not subject to said section, and set a bond in the amount of $1,500. However, INS immediately filed an EOIR-43, which has the effect of staying the decision of the Immigration Judge, pending review by the BIA.

16. However, said appeal addresses only the statutory issues, as the BIA lacks jurisdiction over the constitutional claims. Further, it will take several weeks, if not months, before the appeal is adjudicated, during which time he will remain detained,

---

[3] *See, Goonsuwan v. Ashcroft,* 252 F.3d 383, 389 (5th Cir. 2001) ("Even when exhaustion is a jurisdictional bar, this Court recognizes an exception 'when administrative remedies are inadequate.'").

without bond. His administrative remedies are therefore inadequate.[4]

17. Petitioner Rodrgiguez has been a lawful permanent resident of the Untied States since 1984. In June of 1998, pursuant to his plea of guilty, he was convicted of (simple) possession of marijuana, and placed on probation.

18. On or about January 17, 2002, Mr. Rodriguez was placed under removal proceedings, charged with having been convicted of an aggravated felony.

19. At the time of his guilty plea, his offense was not considered to be an aggravated felony for immigration purposes, and, had he been placed under removal proceedings at that time, he would have been eligible to apply for cancellation of removal.[5]

---

[4] Notably, Mr. Ornelas is clearly eligible to apply for relief under former §212(c) of the Act, pursuant to *INS v. St. Cyr*, 121 S.Ct. 2271 (2001).

[5] In his case in chief, Mr. Rodriguez will argue that it is a violation of Due Process to retroactively characterize his offense as an aggravated felony, such that he becomes subject to deportation, with no opportunity to seek relief. *See, e.g., BMW of America v. Gore*, 517 U.S. 559, 574 (1996) (footnote 22 in original):

> Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose. FN22
>
> FN22. See *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (*Ex Post Facto* Clause violated by retroactive imposition of revised sentencing guidelines that provided longer sentence for defendant's crime); *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) (retroactive application of new construction of statute violated due process); *id.*, at 350-355, 84 S.Ct., at 1701-1703

20. Petitioner Rodriguez was held without bond, allegedly pursuant to 8 U.S.C. §1226(c)(1). He requested a hearing on the question of bond before an Immigration Judge, asserting that since he had never been confined pursuant to a conviction, he had never been "released" from criminal custody, as that term is used in 8 U.S.C. §1226(c)(1), and therefore did not fall within the mandatory detention provisions that section. The Immigration Judge concluded that he was not subject to said section, and set a bond in the amount of $1,500. However, INS immediately filed an EOIR-43, which has the effect of staying the decision of the Immigration Judge, pending review by the BIA.

21. However, said appeal addresses only the statutory issues, as the BIA lacks jurisdiction over the constitutional claims. Further, it will take several weeks, if not months, before the appeal is adjudicated, during which time he will remain detained, without bond. His administrative remedies are therefore inadequate.

---

      (citing cases); *Lankford v. Idaho*, 500 U.S. 110, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991) (due process violated because defendant and his counsel did not have adequate notice that judge might impose death sentence). The strict constitutional safeguards afforded to criminal defendants are not applicable to civil cases, but the basic protection against "judgments without notice" afforded by the Due Process Clause, *Shaffer v. Heitner*, 433 U.S. 186, 217, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (STEVENS, J., concurring in judgment), is implicated by civil *penalties*.

For a lawful permanent resident such as Mr. Torres, there can be not question but that deportation is a "civil *penalt[y]*" imposed as a result of his criminal "conviction." It therefore violates Due Process because it imposes a "civil penalt[y]" without prior notice, as in *Shaffer v. Heitner, supra*. And, as in *BNW of North America v. Gore, supra*, it confounds the "[e]lementary notions of fairness enshrined in this Court's constitutional jurisprudence" which "dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose."

## IV.  CLASS ALLEGATIONS

22. Petitioners seek to represent the class of all LPRs who are, or will be, held by Respondents without bond in the Harlingen INS District, under the authority of 8 U.S.C. §1226(c)(1).

23. The above class is so numerous that joinder of all members, present and future, would be impracticable. There are questions of law, and/or of fact, which are common to the class. The claims of the representative parties are typical of the claims of the class. The representative parties, and their counsel, can and will fairly and adequately protect the interest of the class.

24. Respondents have acted and refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief, and/or corresponding declaratory relief, with respect to the class as a whole.

## V.  THE CAUSES OF ACTION
### 1.  HABEAS CORPUS

Petitioners assert that their detention violates the laws and Constitution of the United States, as well as international law and treaty obligations with their native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

They therefore request that their habeas petitions be granted, and that preliminary and permanent injunctions issue, requiring that: 1) Respondents grant Reyna a prompt hearing on his request for bond, and that at said hearing, his entitlement to bond be adjudicated on the basis of whether he presents a flight risk, or constitutes a threat or danger to the community, and 2) that Respondents release Petitioners Ornelas and Rodriguez on the bonds as set by the Immigration Judge, pending Respondents' appeal to the BIA, which appeals shall be limited to whether the amount of the bonds was appropriate.

## 2. DECLARATORY JUDGMENT

Petitioners seek a Declaratory Judgment, on their own behalf and on behalf of all others similarly situated, declaring that mandatory detention as applied to LPRs held indefinitely without bond during pendency of removal proceedings violates the Due Process Clause. Furthermore, because Petitioners are LPRs, they have a fundamental right to unite with their families within the United States, and an important liberty interest in being able to seek bond while awaiting removal proceedings to determine whether they will be allowed to stay in the United States, or whether final orders of removal will be entered against them which then, and only then, would terminate their status as LPRs.

Petitioners also seek a Declaratory Judgment, on their own behalf and on behalf of all others similarly situated, declaring that in order for Respondents to lawfully detain them and other LPRs, Respondents must show significant special justification that his civil detention would be justified, in light of their status as LPRs who were found within the United States.

## 3. INJUNCTIVE RELIEF

Petitioners further seek preliminary and permanent injunctions, restraining and enjoining Respondents from holding LPRs as "mandatory detainees" under 8 U.S.C. §1226(c)(1) without affording them a bond hearing before an Immigration Judge, at which their entitlement to bond during the pendency of removal proceedings is adjudicated on the basis of whether they present a flight risk, or constitute a threat or danger to the community.

## 4. OTHER AND FURTHER RELIEF

Petitioner would note that the relief requested has been ordered by both the Third Ninth Circuits, in *Kim v. Ziglar*, 276 F.3d 523 (9th Cir. 2002), and *Patel v. Zemski*, 275 F.3d 299 (3rd Cir. 2001). The Petitioner prays that this Honorable Court will follow these

decisions and find that §1226(c) is unconstitutional as applied to Petitioners, and all others similarly situated.

Finally, Petitioners seek such other and further relief, including costs and attorneys fees, as this Honorable Court may find to be just and appropriate under all of the circumstances.

Respectfully Submitted,

*/s/ Lisa S. Brodyaga*

Lisa S. Brodyaga, Attorney          Thelma O. Garcia, Attorney
17891 Landrum Park Road              301 E. Madison
San Benito, TX 78586                 Harlingen, TX 78550
(956) 421-3226                       (956) 425-3701
(956) 421-3423 (fax)                 (956) 428-3731 (fax)
Fed. ID. 1178
Texas Bar 03052800

**VERIFICATION**

I, Lisa S. Brodyaga, hereby certify that I am familiar with the removal cases of the named Petitioners, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

*/s/ Lisa S. Brodyaga*
February 13, 2002

**CERTIFICATE OF SERVICE**

I, Lisa S. Brodyaga, hereby certify that a copy of the foregoing was personally delivered to the office of Lisa Putnam, SAUSA, at 1701 Zoy St., Harlingen, Texas, this 13th day of February, 2002.

*/s/ Lisa S. Brodyaga*

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

Eugenio Reyna Montoya
Erasmo Ornelas Alanis
Salome Rodriguez Caracheo

v.

E.M. Trominski, INS District Director +
John Ashcroft, US Attorney General

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: B-02-026

TO: (Name and Address of Defendant)

E.M. Trominski
2102 Teege
Harlingen, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within ___60___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk
CLERK

February 13, 2002
DATE

BY DEPUTY CLERK

AO 440 (Rev 1.90) Summons in a Civil Action

# United States District Court

DISTRICT OF **Southern** **Texas**

Eugenio Reyna Montoya
Erasmo Ornelas Alaniz +
Saloma Rodriguez Camacho

v.

E. M. Trominski
INS District Director +
John Ashcroft
US Attorney General

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER **B-02-026**

TO: (Name and Address of Defendant)

US Attorney
PO Box 61129
Houston TX 77208

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and **serve upon**

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within **60** days after **service of** this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will **be taken** against you for the relief demanded in the complaint.

Michael N. Milby, Clerk
CLERK

January 13, 2002
DATE

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

Eugenio Reyna Montoya
Erasmo Ornelas Alanis +
Salome Rodriguez-Caracheo

v.

E.M. Trominski, INS District Director &
John Ashcroft, USA

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: B-02- 026

TO: (Name and Address of Defendant)

John Ashcroft, United States Attorney General
950 Pennsylvania Ave. N.W., Suite 5111
Washington, D.C. 20530-0001

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk
CLERK

DATE February 13, 2002

BY DEPUTY CLERK _(signature)_