United States District Court
Southern District of Texas
FILED

MAR 2 0 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EUGENIO REYNA MONTOYA,          )
ERASMO ORNELAS-ALANIS, and      )
SALOME RODRIGUEZ-CARACHEO,      )
  In their own name and right,  )
  and on behalf of all others  )
  similarly situated,          )
                              )
v.                              )     C.A. No. B-02-026
                              )
E.M. TROMINSKI, INS DISTRICT    )
  DIRECTOR, and                 )
JOHN ASHCROFT, ATTORNEY         )
  GENERAL OF THE UNITED STATES. )
_____ )

(OPPOSED) MOTION FOR CLASS CERTIFICATION,
WITH INCORPORATED POINTS AND AUTHORITIES IN SUPPORT THEREOF

The named petitioners, through the undersigned, request that this
Honorable Court issue an Order, allowing the instant case to
proceed as a class action, pursuant to F.R.Civ.Proc. Rule 23(b)(2),
and in support thereof, would respectfully show as follows:

I.  CLASS CERTIFICATION IS APPROPRIATE HEREIN

Petitioners seek to represent the class of all LPRs who are, or
will be, held by Respondents without bond in the Harlingen INS
District, under the authority of 8 U.S.C. §1226(c)(1). *See,*
Petition, at allegation number 22.

A.  THE INSTANT CLASS IS SO NUMEROUS THAT JOINDER OF ALL
MEMBERS IS IMPRACTICABLE.

Although Respondents have not yet answered the instant Petition, it
is urged that the fact that Petitioners satisfy the numerosity
requirement is self-evident. §1226(c)(1) applies to virtually all
LPRs in removal or deportation proceedings due to criminal conduct

who were released from criminal custody after the expiration of the transitional rules in October of 1998. The constitutionality of 8 U.S.C. §1226(c) has been the subject of extensive litigation around the nation, further showing that it applies to numerous immigrants. Apart from the four U.S. Courts of Appeals which have addressed the issue in the past three years, countless district courts have also grappled with the issue.[1] The great majority of these courts have concluded that, as applied to lawful permanent residents, it violates substantive, and/or procedural, Due Process.[2] *See, for example, Cardoso v. Reno*, 127 F.Supp.2d 106 (D.Conn.2001) (statute permitting INS to detain indefinitely lawful permanent resident alien who was deportable, but not yet subject to administratively final order of removal and who was eligible for discretionary relief, without first conducting individualized bail hearing to carefully assess her risk of flight and criminal recidivism, was not narrowly tailored, and thus, as applied, violated alien's substantive due process right to be free of arbitrary confinement pending completion of deportation proceedings); *Radoncic v. Zemski*, 121 F.Supp2d 814 (E.D.Pa. 2000) (indefinite detention of an alien pending removal proceedings implicated a fundamental liberty

---

[1] The issue was previously before this Court in *Gonzalez-Noyola v. Trominski*, C.A. No. B-01-058. The Petitioner therein became so desperate as a result of his prolonged detention, that he forewent his struggle to maintain LPR status, and accepted a final order of removal, simply in order to be released. For this reason also, Petitioners seek class certification, so that if their individual cases become moot, they may still continue on behalf of others.

[2] Almost without exception, the cases holding that mandatory detention is **not** unconstitutional preceded *Zadvydas*, and involved immigrants for whom there was no possibility of relief, and who were therefore only attempting to "postpone the inevitable." *See, e.g., Parra v. Perryman*, 172 F.3d 954 (7th Cir. 1999), which both preceded *Zadvydas*, and involved a person who conceded that he was an aggravated felon, and therefore, not entitled to any form of relief. *See also, Reyes v. Underdown*, 73 F.Supp. 653 (W.D.La.1999), and *Okeke v. Underdown*, 73 F.Supp.2d 635 (W.D.Tx.2000).

2

interest, and denied alien's due process rights); *Koita et al v. Reno,* 113 F.Supp.2d 737 (M.D.Pa. 2000) (mandatory detention requirement violated aliens' substantive due process rights); *Son Vo v. Greene,* 109 F.Supp.2d 1281 (D.Colo. 2000) (Statute requiring that criminal aliens in deportation proceedings be detained without bond hearing violated substantive due process rights of permanent resident who had reasonable chance of success on claim that he was not aggravated felon); *Small v. Reno,* 127 F.Supp.2d 305 (D. Conn.2000) (mandatory detention provisions of IIRIRA violated substantive due process as applied, and application of mandatory detention provision without a bond hearing, while request for a waiver of removal was pending, violated alien's right to procedural due process); *Welch v. Reno,* 101 F.Supp.2d 347 (D.Md.2000) (Given the liberty interest involved and lack of safeguards, statute allowing government to take into custody aliens who have committed certain offenses without granting alien a bail review hearing was excessive in relation to its purpose and, therefore, violative of alien's substantive due process rights.); *Danh v. Demore,* 59 F.Supp.2d 994 (N.D.Ca.1999) (mandatory detention provisions violated substantive due process as applied to resident aliens, and challenged provision violated procedural due process rights of resident aliens); *Rogowski v. Reno,* 94 F.Supp.2d 177 (D.Conn.1999) (mandatory detention of lawful permanent resident violated his substantive due process rights; alien had a liberty interest in freedom from arbitrary confinement and was entitled to an opportunity to demonstrate his claim to bail); *Bouayad v. Holmes,* 74 F.Supp.2d 471 (E.D.Pa. 1999) (mandatory detention of alien pending removal proceeding unconstitutionally abridged alien's fundamental right to liberty under due process clause); *Van Eeton v. Beebe,* 49 F.Supp.2d 1186 (D.Ore.1999) (provision mandating detention, without requiring bail hearing, of all aliens convicted of certain crimes not sufficiently narrowly tailored to serve

3

government's compelling interest in preventing aliens with felony convictions from absconding, and thus violated substantive due process; individual bond hearings would serve government's interest without violating due process); *Juarez-Vasquez v. Holmes,* 2000 WL 1705775 (E.D.Pa.2000); *Tiv et al v. Reno,* 2000 WL 246252 (N.D.Ill.2000), and *Martinez et al v. Greene,* 28 F.Supp.2d 1275 (D.Colo.1998) (statute requiring that criminal aliens detained for deportation proceedings be held without bond pending determination of deportability violated, on its face, due process of law).

Moreover, Petitioners also seek to represent future members of the class, making joinder impossible. *See, e.g., Pederson v. Louisiana State University,* 213 F.3d 858 (5th Cir. 2000) (Fact that proposed class includes unknown, unnamed future members, making joinder impractical, weighs in favor of certification).

### B.  THERE ARE QUESTIONS OF LAW COMMON TO THE CLASS.

There is, in fact, but one question of law presented herein, to wit, whether §1226(c)(1) is constitutional as applied to lawful permanent residents of the United States.  This question is common to all putative class members.

### C.  THE CLAIMS OF THE REPRESENTATIVE PARTIES ARE TYPICAL OF THOSE OF THE CLASS.

The representative parties herein are all lawful permanent residents.  They all have some reason to contest removability, or to assert that they are eligible for some form of relief.  This is "typical" of class members.

### D.  THE REPRESENTATIVE PARTIES WILL FAIRLY AND ADEQUATELY PROTECT THE INTERESTS OF THE CLASS.

Given their personal stake in the outcome, there is no reason to believe that the named Petitioners will not fairly and adequately

protect the interests of the class.  Further, by virtue of their advocacy in other cases before this Honorable Court, such as *Ascencio-Guzman v. Trominski,* CA B-94-215, the Court can take judicial notice of the fact that the undersigned counsel have the skills, resources, and inclination to vigorously prosecute the instant action on behalf of all putative class members, no matter how long it takes.

## II.  CERTIFICATE OF CONSULTATION

On March 20, 2002, the undersigned spoke with Lisa Putnam, SAUSA, who stated that she would oppose the instant motion.

WHEREFORE, it is respectfully urged that the instant motion be granted, and that the instant case be permitted to proceed as a class action.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney          Thelma O. Garcia, Attorney
17891 Landrum Park Road             301 E. Madison
San Benito, TX 78586                Harlingen, TX 78550
(956) 421-3226                      (956) 425-3701
(956) 421-3423 (fax)                (956) 428-3731 (fax)
Fed. ID.  1178
Texas Bar 03052800

## CERTIFICATE OF SERVICE

I, Lisa S. Brodyaga, hereby certify that a copy of the foregoing, and accompanying proposed Order, were personally delivered to the office of Lisa Putnam, SAUSA, at 1701 Zoy St., Harlingen, Texas, this 20th day of March, 2002.