UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 5 2002

Michael N. Milby
Clerk of Court

EUGENIO REYNA MONTOYA, et al )
)
v. ) C.A. B-02-026
)
E.M. TROMINSKI, et al. )
_____ )

### UNOPPOSED MOTION OF JUAN LUIS GONZALEZ-SANCHEZ
### TO BE JOINED AS A NAMED PLAINTIFF IN THE INSTANT ACTION,
### SEEKING A WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
### FOR DECLARATORY AND INJUNCTIVE RELIEF

Juan Luis Gonzalez-Sanchez, ("Mr. Gonzalez"), through counsel, hereby files the instant, unopposed motion, to be joined as a named Plaintiff in the instant action, seeking Writs of Habeas Corpus, and Class Action Complaint for Declaratory and Injunctive Relief. Petitioner would note that he is a member of the putative class in *Reyna-Montoya et al v. Trominski et al*, CA B-02-026. However, as Respondents/Defendants have already filed responsive pleadings, he is filing the instant, unopposed, motion for joinder.

### I. JURISDICTION AND VENUE

1. Jurisdiction herein is laid under 28 U.S.C. §§2241 (habeas corpus), 1331 (federal question), and 1346(a)(2) (actions against Officers of the United States), and pursuant to 28 U.S.C. §2201 et seq, (Declaratory Judgment Act).

2. Many of the acts and omissions complained of herein occurred in Harlingen, Texas, where Respondent Trominski maintains his offices. Further, Petitioner is currently detained by Respondents at the Port Isabel Service Processing Center, ("PISPC") in Bayview, Texas, within the jurisdiction of this Court.

## II. THE PARTIES

3. Petitioner Juan Luis Gonzalez-Sanchez is a native and citizen of Mexico, and lawful permanent resident of the United States. He is currently detained by Respondents, without bond, at PISPC, allegedly pursuant to the authority of 8 U.S.C. §1226(c).

## III. THE FACTS

4. Petitioner Gonzalez was admitted to the United States as a lawful permanent resident when he was eighteen years old, on or about May 13, 1975. His wife is a United States citizen, as are two of his three children. The third child, who is nineteen years old, is also a lawful permanent resident of the United States.

5. On or about October 4, 2001, Mr. Gonzalez was granted seven years probation, pursuant to a disposition involving deferred adjudication, under Art. 42.12, Sec. 5(a), of the Texas Code of Criminal Procedure, in connection with a charge of (simple) possession of marijuana.

6. On October 4, 2001, Mr. Gonzalez was not in criminal custody. Rather, he walked into court to dispose of his case, and walked out again, after court. However, when he reported to his Probation Officer, on or about December 12, 2001, he was taken into INS custody, and sent to the Port Isabel Service Processing Center, where he continues to be held without bond.

7. On December 18, 2001, an NTA was issued. It alleged that he had been "convicted" of possession of marijuana. Removability was charged under both §237(a)(2)(B)(i), for conviction of an offense relating to a controlled substance, and §237(a)(2)(A)(iii) for conviction of an aggravated felony. [1]

---

[1] Mr. Gonzalez urges that he falls within the policy exception carved out by *Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995), notwithstanding *Matter of Roldan*, I.D. No. 3377 (BIA 1999), holding that *Manrique* was superceded by §101(a)(48)(A). Said decision was

8. Mr. Gonzalez sought bond, asserting that since he had never been confined pursuant to a conviction, he had never been "released" from criminal custody, as that term is used in 8 U.S.C. §1226(c)(1), and therefore did not fall within the mandatory detention provisions that section. The Immigration Judge disagreed, and declined to set a bond, finding that she lacked jurisdiction over the application. Mr. Gonzalez did not file an appeal, because he considered that it would have been futile. The statutory issues are identical to those of Petitioner Reyna-Montoya, whose appeal has already been dismissed by the Board, and the BIA lacks jurisdiction over the constitutional claims. His administrative remedies are therefore inadequate. [2]

### IV. THE CAUSES OF ACTION
#### 1. HABEAS CORPUS

Petitioner asserts that his detention violates the laws and Constitution of the United States, as well as international law and treaty obligations with their native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

---

disapproved in *Lujan-Armendariz v. INS v. INS*, 222 F.3d 728 (9th Cir. 2000), on the grounds that it deprives immigrants such as he Equal Protection of the laws, since, under the FFOA, they would not be considered "convicted" if they had received equivalent rehabilitative treatment in federal, rather than state, court. The issues in his case in chief are presently before this Honorable Court in *Salazar-Regino v. Trominski*, CA B-02-045. Although not directly relevant to the bond issues, this is mentioned to show that the proceedings herein will be protracted. This is not a case of an immigrant conceding that there is no relief available, as in *Parra v. Perryman*, 172 F.3d 954 (7th Cir. 1999), but of one who seriously contests that he is removable as charged.

[2] See, *Goonsuwan v. Ashcroft*, 252 F.3d 383,389 (5th Cir. 2001) ("Even when exhaustion is a jurisdictional bar, this Court recognizes an exception 'when administrative remedies are inadequate.'"). Mr. Gonzalez has also made a second request for a hearing with the Immigration Judge, based on the ever accumulating court decisions that §1226(c) is unconstitutional as applied to LPRs, but there has, as yet, been no ruling on said request.

He therefore requests that his habeas petition be granted, and that preliminary and permanent injunctions issue, requiring that Respondents grant him a prompt hearing on his request for bond, and that at said hearing, his entitlement to bond be adjudicated on the basis of whether he presents a flight risk, or constitutes a threat or danger to the community.

### 2. DECLARATORY JUDGMENT

Petitioner seeks a Declaratory Judgment, declaring that mandatory detention as applied to LPRs held indefinitely without bond during pendency of removal proceedings violates the Due Process Clause. Furthermore, because Petitioner is a lawful permanent resident, he asserts that he has a fundamental right to unite with his family within the United States, and a fundamental liberty interest in being able to seek bond while awaiting removal proceedings to determine whether he will be allowed to stay in the United States, or whether final orders of removal will be entered against him which then, and only then, would terminate his status as an LPR.

Petitioner also seeks a Declaratory Judgment, declaring that in order for Respondents to lawfully detain him, Respondents must show significant special justification that his civil detention would be justified, in light of his status as LPR who was found within the United States.

### 3. INJUNCTIVE RELIEF

Petitioner further seeks preliminary and permanent injunctions, restraining and enjoining Respondents from holding him, an LPR, as a "mandatory detainee" under 8 U.S.C. §1226(c)(1) without affording him a bond hearing before an Immigration Judge, at which his entitlement to bond during the pendency of removal proceedings is adjudicated on the basis of whether he presents a flight risk, or constitute a threat or danger to the community.

**4. OTHER AND FURTHER RELIEF**

Petitioner would note that the relief requested has been ordered by the Tenth, Ninth, and Third Circuits, in *Hoang v. Comfort*, 282 F.3d 1247 (10th Cir. 2002); *Kim v. Ziglar*, 276 F.3d 523 (9th Cir. 2002), and *Patel v. Zemski*, 275 F.3d 299 (3rd Cir. 2001). It has also been granted by countless United States District Courts, including, very recently, the Northern District of Texas, in *Serrano v. Estrada*, No. 3-010CV-1916-M (N.D.Tx. April 19, 2002) (Petitioner's Exhibit B, herein incorporated by reference). Petitioner Gonzalez prays that this Honorable Court will follow these decisions and find that §1226(c) is unconstitutional as applied to him.

Finally, Petitioner seeks such other and further relief, including costs and attorneys fees, as this Honorable Court may find to be just and appropriate under all of the circumstances.

**V. CERTIFICATE OF CONSULTATION**

The undersigned has consulted with Lisa Putnam, SAUSA, who stated that she has no opposition to the joinder of Mr. Gonzalez as a Plaintiff herein. She reserves the right to contest the specific facts of his case, and does not agree that he is eligible for any form of relief as requested herein, or even that the Court has jurisdiction in the case.

Respectfully Submitted,

*[signatures]*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

Thelma O. Garcia, Attorney
301 E. Madison
Harlingen, TX 78550
(956) 425-3701
(956) 428-3731 (fax)

**VERIFICATION**

I, Lisa S. Brodyaga, hereby certify that I am familiar with Mr. Gonzalez' case, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

_____
April 23, 2002

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing, with Exhibit, and proposed order, was faxed to Lisa Putnam on April 23, 2002, and that a copy thereof was also mailed, first-class postage prepaid, to the office of Lisa Putnam, SAUSA, at 1701 Zoy St., Harlingen, Texas, on this 24th day of April, 2002.

_____