UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 13 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| EUGENIO REYNA-MONTOYA, ET AL, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-026 |
| | § | |
| E.M. TROMINSKI, | § | |
| INS DISTRICT DIRECTOR, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioners Eugenio Reyna-Montoya and Juan Luis Gonzalez-Sanchez have filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Petitioners also seek to represent the class of all legal permanent residents who are, or will be, held by Respondents without bond in the Harlingen INS District, under the authority of 8 U.S.C. § 1226(c)(1). For the reasons set forth below, the Petitioners requests should be GRANTED.

### JURISDICTION AND VENUE

Jurisdiction herein is appropriate under 28 U.S.C. §§ 2241 (habeas corpus), 1331 (federal question), and 1346(a)(2) (actions against officers of the United States), and pursuant to 28 U.S.C. § 2201 et seq (Declaratory Judgment Act). Many of the alleged acts and omissions complained of by the Petitioners occurred in Harlingen, Texas, where Respondent Trominski maintains his offices. Further, the two named Petitioners are currently detained by Respondents at the Port Isabel Service Processing Center ("PISPC") in Bayview, Texas, which is within the jurisdiction of this Court.

1

## BACKGROUND

*Petitioner Eugenio Reyna-Montoya*

Petitioner Eugenio Reyna Montoya is a twenty-nine year old native of Mexico. He is married and is a legal permanent resident ("LPR") in the United States. He is currently detained by Respondents without bond at PISPC. Mr. Reyna was admitted to the United States as a lawful permanent resident when he was eight years old, on or about March 12, 1981. On January 7, 2000, Mr. Reyna was charged in Brooks County, Texas, with (simple) possession of marijuana. On November 1, 2001, he was granted three years probation, on a deferred adjudication disposition, pursuant to Article 42.12, Section 5(a) of the Texas Code of Criminal Procedure. He was not in "criminal custody" at that time. Rather, he essentially walked into court to dispose of the case, and when it was over, he walked out.

After Mr. Reyna left court, he returned to the Rio Grande Valley, to make certain arrangements, and later that day, was detained at the INS checkpoint, on his way home. He truthfully disclosed his legal problems to the officers on duty, and was detained without bond. At that time, a Notice to Appear was issued. It alleged that he had been "convicted" of possession of marijuana, to which Mr. Reyna denied. Removability was charged under both § 237(a)(2)(B)(i), for conviction of an offense relating to a controlled substance, and § 237(a)(2)(A)(iii) for conviction of an aggravated felony.

Mr. Reyna contested both charges. He also sought bond, asserting that since he had never been confined pursuant to a conviction, he had never been "released" from criminal custody, as that term is used in 8 U.S.C. § 1226(c)(1), and therefore did not fall within the mandatory detention provision of that section. The immigration judge disagreed, and declined to set a bond.

Mr. Reyna filed a timely appeal which has been dismissed by the Board of Immigration Appeals. Moreover, said appeal addressed only statutory issues, and the Board of Immigration Appeals ("BIA") lacks jurisdiction over the constitutional claims. Therefore, Petitioner alleges that his administrative remedies are inadequate.

*Petitioner Juan Luis Gonzalez-Sanchez*

On May 13, 1975, Petitioner Juan Luis Gonzalez-Sanchez was admitted to the United States as a lawful permanent resident when he was eighteen years old. His wife is a United States citizen, as are two of his three children. The third child, who is nineteen years old, is also a lawful permanent resident of the United States. On October 4, 2001, Mr. Gonzalez-Sanchez was granted seven years probation, pursuant to a disposition involving deferred adjudication, under Article 42.12, Section 5(a) of the Texas Code of Criminal Procedure, in connection with a charge of (simple) possession of marijuana.

On October 4, 2001, Mr. Gonzalez-Sanchez was not in criminal custody. Rather, he essentially walked into court to dispose of his case, and walked out again, after court. However, when he reported to his probation officer, on December 12, 2001, he was taken into INS custody, and sent to PISPC, where he continues to be held without bond. On December 18, 2001, a Notice to Appear was issued. The Notice to Appear alleged that Mr. Gonzalez-Sanchez had been "convicted" of possession of marijuana. Removability was charged under both § 237(a)(2)(B)(i), for conviction of an offense relating to a controlled substance, and § 237 (a)(2)(A)(iii) for conviction of an aggravated felony.

Mr. Gonzalez-Sanchez sought bond, asserting that since he had never been confined pursuant to a conviction, he had never been "released" from criminal custody, as that term is used

3

in 8 U.S.C. § 1226(c)(1), and therefore did not fall within the mandatory detention provisions of that section. The immigration judge disagreed, and declined to set a bond, finding that she lacked jurisdiction over the application. Mr. Gonzalez-Sanchez did not file an appeal, allegedly because he considered such action to be futile. The statutory issues are identical to those of Petitioner Reyna-Montoya, whose appeal has already been dismissed by the Board. Additionally, the BIA lacks jurisdiction over his constitutional claims so he claims his administrative remedies are inadequate.

### *Petitioners' Request for Class Certification*

Counsel for the Petitioners seek to represent the class of all LPRs who are, or will be, held by Respondents without bond in the Harlingen INS District, under the authority of 8 U.S.C. § 1226(c)(1). The above class, Petitioners argue, is so numerous that joinder of all members present and future would be impracticable. Petitioners claim that there are questions of law, and/or fact which are common to the class. Additionally, they contend that the claims of the representative parties are typical of the claims of the class and that the representative parties, and their counsel, can adequately and fairly protect the interests of the class. Petitioners further assert that the INS has acted and refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief, and/or corresponding declaratory relief to the class as a whole. Respondents did not deny or otherwise contest the class allegations in the Petitioner's complaint.

## FORMS OF RELIEF

### *Habeas Corpus*

Petitioners assert that their detention violates the laws and Constitution of the United

States, as well as international law and treaty obligations with their native country of Mexico. These claims are cognizable in habeas corpus under 28 U.S.C. § 2241. Petitioners request that their habeas petitions be granted, and that preliminary and permanent injunctions issue, requiring that Respondents grant Mr. Reyna-Montoya and Mr. Gonzalez-Sanchez a prompt hearing on their request for bond, and that at said hearing, their entitlement to bond be adjudicated on the basis of whether they present a flight risk, or constitute a threat or danger to the community.

*Declaratory Judgment*

Petitioners also seek a Declaratory Judgment, on their own behalf and on behalf of all others similarly situated, declaring that mandatory detention as applied to LPRs held indefinitely without bond during the pendency of removal proceedings violates the Due Process Clause. Petitioners additionally pray for a Declaratory Judgment, on their own behalf and on behalf of all others similarly situated, declaring that in order for the Respondents to lawfully detain them and other LPRs, the government must show significant special justification that their civil detention would be justified, in light of their status as LPRs who were found within the United States.

*Injunctive Relief*

Petitioners further seek preliminary and permanent injunctions, restraining and enjoining Respondents from holding LPRs as "mandatory detainees" under 8 U.S.C. § 1226(c)(1) without affording them a bond hearing before an immigration judge. Before the immigration judge, Petitioners contend that their entitlement to bond during the pendency of removal proceedings should be adjudicated on the basis of whether they present a flight risk, or constitute a threat or danger to the community.

## ANALYSIS

### *The Issue of Class Certification*

Rule 23(a) of the Federal Rules of Civil Procedure sets forth the prerequisites to a class action. They are as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.[1]

Additionally, Rule 23(b) dictates that an action may be maintained as a class action if the prerequisites of subsection (a) are satisfied, and in addition the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.[2]

In the case at bar, although there is no way to determine exactly how many legal permanent residents are, or will be, held without bond by the INS in the Harlingen District under 8 U.S.C. § 1226(c)(1), the Petitioners claim that is so numerous that joinder would be impracticable. Due to the fact that Respondents never addressed the issue of class certification in their pleadings, the allegations must be taken as admitted.[3] The questions of law and the claims

---

[1] FED. R. CIV. P. 23(a).

[2] FED. R. CIV. P. 23(b)(2). Although when the conditions of Rule 23(b)(1)(A), (B), or (b)(3) are met and coupled with the prerequisites of Rule 23(a) a class may be certified, Rule 23(b)(2) is most applicable to this case.

[3] See FED. R. CIV. P. 8(d).

made by the named Petitioners of the proposed class are common to the class as a whole. Additionally, counsel for the Petitioners guarantee, based upon their experience and expertise, that the representative parties (and their counsel) will represent the interests of the class fairly and adequately. Therefore, the Petitioners have satisfied Rule 23(a) in this case.

The INS, by and through the authority of § 1226(c)(1), has determined that legal permanent residents meeting the criteria set forth in the statute are not eligible for bond throughout the duration of their deportation proceedings. Hence, any declaratory or injunctive relief in favor of the named Petitioners ordered by this Court would be appropriate with respect to the class as a whole. Therefore, given the fact that Rule 23(b)(2) of the Federal Rules of Civil Procedure is also satisfied by the Petitioners, the class of legal permanent residents who are, or will be held without bond in the Harlingen INS District pursuant to 8 U.S.C. § 1226(c)(1) should hereby be certified in this case.

*The Nature of § 1226(c)(1)*

Under 8 U.S.C. § 1226(c), the Attorney General may take into custody any alien who:

> is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii) [multiple criminal convictions for crimes of moral turpitude], (A)(3) [aggravated felonies], (B) [controlled substances], (C) [certain firearm offenses], or (D) [miscellaneous crimes] of this title...[4]

An alien that falls under the provisions of the aforementioned section is not eligible to be freed from custody unless the alien's release is necessary to provide protection to, *inter alia*, a witness, potential witness, or a person cooperating with a criminal investigation. Apart from these

---

[4] 8 U.S.C. § 1226(c)(1)(B), INA § 236(c)(1)(B).

particular instances, the Attorney General has no discretion to consider whether criminal aliens should be released during the pendency of their removal proceedings.

Over the past few years, many aliens held pursuant to § 1226(c)(1) have challenged the constitutionality of the statute. They have generally claimed that their detention, which entails no opportunity for an individualized determination of their risk of flight or danger to the community, violates both the substantive and procedural due process right to be free from restraint of liberty. Although the courts evaluating these challenges have reached conflicting results, numerous district courts,[5] and three circuit courts[6] have ruled the statute is unconstitutional. The Tenth, Ninth, and Third Circuits have ruled that the statute is unconstitutional when applied to legal permanent residents, but the Seventh Circuit has found that § 1226(c)(1) does not violate either substantive or procedural due process.[7] The Fifth Circuit has yet to rule on this issue.

*Due Process Analysis and Petitioner's Right to Relief Under 28 U.S.C. § 2241*

The Fifth Amendment Due Process Clause guarantees that "no person shall...be deprived of life, liberty, or property, without due process of law."[8] The Due Process Clause encompasses

---

[5] See e.g., Serrano v. Estrada, 2002 WL 485699 (N.D. Tex. 2002); Cardoso v. Reno, 127 F. Supp.2d 106 (D. Conn. 2001); Radoncic v. Zemski, 121 F. Supp.2d 814 (E.D. Pa. 2000); Koita, et al v. Reno, 113 F. Supp.2d 737 (M.D. Pa. 2000); Son Vo v. Greene, 109 F. Supp.2d 1281 (D. Colo. 2000); Small v. Reno, 127 F. Supp.2d 305 (D. Conn. 2000); Welch v. Reno, 101 F. Supp.2d 347 (D. Md. 2000); Danh v. Demore, 59 F. Supp.2d 994 (N.D. Ca. 1999); Rogowski v. Reno, 94 F. Supp.2d 177 (D.Conn. 1999); Bouyad v. Holmes, 74 F. Supp.2d 471 (E.D. Pa. 1999); Van Eeton v. Beebe, 49 F. Supp.2d 1186 (D. Ore. 1999); Juarez-Vasquez v. Holmes, 2000 WL 1705775 (E.D. Pa. 2000); Tiv, et al v. Reno, 2000 WL 246252 (N.D. Ill. 2000); and Martinez, et al v. Greene, 28 F. Supp.2d 1275 (D. Colo. 1998).

[6] See Hoang v. Comfort, 282 F.3d 1247 (10th Cir. 2002); Kim v. Ziglar, 276 F.3d 523 (9th Cir. 2002); Patel v. Zemski, 275 F.3d 299 (3rd Cir. 2001). All three of these circuits have that the section in question, as applied to lawful permanent residents, violates substantive due process.

[7] Parra v. Perryman, 172 F.3d 954 (7th Cir. 1999).

[8] U.S. CONST. amend. V; El-Banna v. Hansen, 02 CV 501 (N.D. Ohio 2002) (Doc. # 13).

both a substantive and procedural right to due process.[9] Substantive due process forbids the government to engage in conduct that "shocks the conscience,"[10] or interferes with rights "implicit in the concept of ordered liberty."[11] Procedural due process prohibits the government from depriving an individual's life, liberty, or property in an unfair manner.[12]

The Ninth Circuit, in *Kim v. Ziglar*, handed down the most recent decision on this issue. In that case, Hyung Joon Kim, a permanent resident alien, was being mandatorily detained pending his removal to Korea as an aggravated felon. Importantly, the Ninth Circuit recognized that legal permanent residents, as a category of alien, hold the most rights under the immigration laws of the United States.[13] Additionally, the Court noted that LPRs retain the right to reside permanently within this country until a final order of removal is entered.[14] Although Congress has plenary power to expel, exclude, and detain aliens, that power is "subject to important constitutional concerns."[15] The *Kim* Court further reasoned that, as applied to LPRs, § 1226(c) violates Due Process:

> In this case, as in [the Supreme Court case of] *Zavydas*, it is clear that the statute authorizing detention is civil and regulatory, not criminal or punitive. The detention authorized by § 1226(c) is ostensibly designed

---

[9] See El-Banna, at 5-6.

[10] See id. at 6 (quoting Rochin v. California, 342 U.S. 165, 172 (1952).

[11] See id. (quoting Palko v. Connecticut, 302 U.S. 319, 325-26 (1937).

[12] See United States v. Salerno, 481 U.S. 739, 746 (1987); Mathews v. Eldridge, 424 U.S. 319, 333-35 (1972); El-Banna, at 6.

[13] See Kim, 276 F.3d at 528.

[14] See id.

[15] See id. at 529 (quoting Zavydas v. Davis, 533 U.S. 678 (2001)).

> to ensure that aliens are removed, and it is established law that removal proceedings are civil. Following *Zavydas*, we thus must analyze § 1226(c) to determine whether the government has provided a sufficiently strong "special justification" to justify civil detention of a lawful permanent resident alien.[16]

The Ninth Circuit ultimately found that the INS could not offer a strong enough "special justification" to justify mandatory detention of *all* legal permanent residents in removal proceedings.

The government in this case argues that § 1226(c) comports with substantive due process because Congress may legitimately bar dangerous criminals from roaming the United States. Notably, although the INS argues that § 1226(c) does not violate substantive due process, they make no corresponding claim that it does not violate procedural due process. Given the wide range of crimes which would qualify a legal permanent resident for mandatory detention under § 1226(c), the government can not possibly show that the statute only covers those that are especially dangerous to the public (which would satisfy the "special justification" test). For example, the two named Petitioners in this case have been legal permanent residents for over twenty years, and are in deportation proceedings because of simple possession of marijuana charges. The justification that INS has raised simply does not overcome the fact that the government in this instance is depriving individuals' liberty in an unfair manner. Therefore, § 1226(c) is in violation of procedural due process, and the Petitioners' writ should be granted. The Court finds no need to address the Petitioners's substantive due process claims.

In light of the horrific events of September 11, 2001, terrorism and national security have

---

[16] Id. at 530.

risen to the forefront of this nation's conscience. With that in mind, this Court concurs with the Ninth Circuit in *Kim*:

> No responsible court will leave an 'unprotected spot in the Nation's armor,' and our decision does not do so. We do not hold that a lawful permanent alien in removal proceedings has an absolute right to bail. We hold only that such an alien has a right to an individualized determination of a right to bail, tailored to his or her particular circumstances. We must remember that our 'Nation's armor' includes our Constitution, the central text of our civic faith. It is the foundation of everything that makes our country's system of laws and freedoms worth defending.[17]

As applied to the named Petitioners in this case as well as all legal permanent residents who are, or will be, held by Respondents without bond in the Harlingen INS District, 8 U.S.C. § 1226(c)(1) is unconstitutional. This class is entitled to the individualized determination and fair procedures guaranteed by the Due Process Clause of the Fifth Amendment.[18]

## RECOMMENDATION

For the reasons set forth above, Petitioners' writ of habeas corpus under 28 U.S.C. § 2241 should be GRANTED. Additionally, the class that the named Petitioners represent should be entitled to preliminary and permanent injunctive relief, as well as a declaratory judgment in their favor. This Court recommends that the government afford Petitioners Reyna-Montoya and Gonzalez-Sanchez a bond hearing within ten days of the proposed order being signed by the district court. The immigration judge shall state clearly, on the record, the basis of an individualized determination whether any condition or combination of conditions of release will reasonably ensure the Petitioners will not flee and will not endanger the public. Respondents

---

[17] Id. at 538-39.

[18] Id.

Motion to Dismiss should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[19]

DONE at Brownsville, Texas this 13th day of May, 2002.

*signature*

Felix Recio
United States Magistrate Judge

---

[19] See Douglass v. United States Automobile Association, 79 F.3d 1415, 1417 (5th Cir. 1996).