UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 6 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EUGENIO REYNA MONTOYA, and | ) | |
| JUAN LUIS GONZALEZ-SANCHEZ, | ) | |
|   In their own name and right, | ) | |
|   and on behalf of all others | ) | |
|   similarly situated, | ) | |
| | ) | |
| v. | ) | C.A. No. B-02-026 ✓ |
| | ) | |
| E.M. TROMINSKI, INS DISTRICT | ) | |
|   DIRECTOR, and | ) | |
| JOHN ASHCROFT, ATTORNEY | ) | |
|   GENERAL OF THE UNITED STATES. | ) | |
| _____ | ) | |

and

| | | |
|---|---|---|
| JUAN LARIN-ULLOA, | ) | |
|   Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. B-02-107 |
| | ) | |
| JOHN AHSHCROFT, et al. | ) | |
| _____ | ) | |

**AMENDED, OPPOSED MOTION TO JOIN JUAN LARIN AS A PETITIONER IN
REYNA-MONTOYA, (AND TO DISMISS HIS INDIVIDUAL PETITION), OR**

**IN THE ALTERNATIVE, OPPOSED MOTION TO CONSOLIDATE THE TWO ACTIONS**

Petitioners in both actions, through counsel, hereby file the instant motion, seeking alternative forms of relief, (both of which are opposed by Respondents), to wit, an amended motion to join Juan Larin-Ulloa as a petitioner in the *Reyna-Montoya* action, (and to thereafter dismiss his individual habeas petition), or, in the alternative, to consolidate the above-captioned actions.

Petitioner Larin is already a member of the putative class in Reyna-Montoya, which class has not yet been certified. However a *pro se* petition for writ of habeas corpus was filed on his behalf on May 23, 2002, before he came to be represented by counsel for the Petitioners in Reyna-Montoya. In said petition, he asserted, *inter alia*,[1] as follows:

> I am being held in pre hearing mandatory detention pursuant to Section 236(c) of the INA. Petitioner alleges that 236(c) violates both substantive and procedural due process. The Immigration Judge states he did not have jurisdiction.
> ... The INS claims I do not have a right to bond because I was convicted of an alleged aggravated felony in Wichita, Kansas. ..

These are the precise issues raised in *Reyna-Montoya*. Further, on or about June 3, 2002, (and before the undersigned learned of the existence of the *pro se* habeas petition), a motion was filed to add Mr. Larin as a Plaintiff in the *Reyna-Montoya* case.

## II. THE FACTS

Petitioner Larin has resided in the U.S. since approximately 1981. He became a temporary resident in approximately 1987, and an LPR in 1989. His wife is a naturalized U.S. citizen, as is his adult daughter. He has a number of significant equities in the United States, including his business, and other family ties.

On March 28, 2000, Mr. Larin was convicted in Wichita, Kansas, on his plea of guilty, of the offense of aggravated battery, in violation of K.S.A. 21-3414(a)(1)(C), a level 7 offense, (on a

---

[1] Mr. Larin also asserted in his petition that it violates Equal Protection for waivers under 8 U.S.C. §1182(h) to be available to non-permanent residents, but not to LPRs, and raises a claim about the "denial of due process by the Immigration Judge regarding 245 A claim." However, these issues will not be "ripe" for adjudication until he has completed the administrative process.

scale of 1 to 10, of which 10 is the least serious). The Complaint/Information originally charged an offense under K.S.A. 21-3414(a)(1)(A), a level 4 offense, but it was amended by interlineation, pursuant to a plea bargain, to a lesser offense, K.S.A. 21-3414(a)(1)(C). Simultaneously, the "4" of "Level 4" was crossed out, and replaced with a "7," the level of the less serious offense. Unfortunately, however, the preprinted statutory charge was not changed correspondingly, and continued to (erroneously) charge an offense under K.S.A. 21-3414(a)(1)(A). *Id.*

Even more unfortunately, prior counsel apparently did not notice this error, and "admitted" to the Immigration Court that Mr. Larin had been convicted of an offense under 21-3414(a)(1)(A). *Id.* As a result, the Immigration Judge found that he had been convicted of an aggravated felony, (a crime of violence), and concluded that he lacked jurisdiction to set a bond. An appeal from that decision is apparently pending at the Board of Immigration Appeals.

For the same reasons, the Immigration Judge concluded that Mr. Larin was ineligible for discretionary relief, although, until the appeal is filed and the transcript prepared, the undersigned is not in a position to know the degree to which Mr. Larin's current plight is the result of ineffective assistance of counsel, [2] and to what extent it is due to the errors of the Immigration Judge. Either way, the undersigned believes that Mr. Larin stands a good chance of ultimately prevailing on the merits of his case. In the

---

[2]  Mr. Larin also suffered from his criminal defense attorney's lack of knowledge of immigration law. In plea negotiations, the District Attorney apparently gave him the choice of three to six months to serve, or one year, probated. Unaware that the latter might be considered an aggravated felony, while the former would not have carried any immigration consequences, Mr. Larin accepted probation. He has now been detained by INS for longer than he would have spent in jail, had he opted to serve time. The attorney who represented him in those proceedings is attempting to correct his error, and obtain an amended sentence.

interim, however, his detention without possibility of bond is causing his business, and his family to suffer greatly.

### III. CERTIFICATE OF CONSULTATION

On June 5, 2002, the undersigned spoke with Paul Fiorino, Attorney, who stated that Respondents oppose the instant motion.

Respectfully Submitted,



Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

Thelma O. Garcia, Attorney
301 E. Madison
Harlingen, TX 78550
(956) 425-3701
(956) 428-3731 (fax)

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing with Exhibit C and proposed order, was mailed to Paul Fiorino, Attorney, OIL, Box 878 Ben Franklin Sta. Wash. D.C. 20044, on this 6th day of June, 2002.

_____

4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EUGENIO REYNA MONTOYA, and | ) | |
| JUAN LUIS GONZALEZ-SANCHEZ, | ) | |
|   In their own name and right, | ) | |
|   and on behalf of all others | ) | |
|   similarly situated, | ) | |
| | ) | |
| v. | ) | C.A. No. B-02-026 |
| | ) | |
| E.M. TROMINSKI, INS DISTRICT | ) | |
|   DIRECTOR, and | ) | |
| JOHN ASHCROFT, ATTORNEY | ) | |
|   GENERAL OF THE UNITED STATES. | ) | |

and

| | | |
|---|---|---|
| JUAN LARIN-ULLOA, | ) | |
|   Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. B-02-107 |
| | ) | |
| JOHN AHSHCROFT, et al. | ) | |

EXHIBIT "D" IN SUPPORT OF

OPPOSED MOTION TO CONSOLIDATE CLASS ACTION COMPLAINT AND
INDIVIDUAL HABEAS PETITION FILED BY *PRO SE* CLASS MEMBER

5

**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice to Appear**

---

**In removal proceedings under section 240 of the Immigration and Nationality Act**

In the Matter of:

File No: A 92 800 131

Inmate Number: _____

Respondent: Juan LARIN-Ulloa aka _____ currently residing at:

C/O SEDGWICK COUNTY DETENTION FACILITY WICHITA, KS,
(Number, street, city, state and ZIP code)         (Area code and phone number)

☐ You are an arriving alien.

☐ You are an alien present in the United States who has not been admitted or paroled.

✓ You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that:

1. You are not a citizen or national of the United States
2. You are a native of **El Salvador** and a citizen of **El Salvador**
3. You entered the United States at or near **El Paso, Texas** on or about **May 11, 1981**;
4. You were not admitted or paroled after inspection by an immigration officer;
5. Your status was adjusted to that of Lawful Permanent Resident on November 28, 1989 under section 245(A) of the I&N Act;
6. You were, on March 28, 2000, convicted in the District Court of Sedgwick County, at, Wichita, Kansas for the offense of Aggravated Battery, in violation of K.S.A. 21-3414(a)(1)(A), for which a 12 month sentence was imposed.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act.

*[handwritten: Remove on 3-14-02 It found by Ct based on x # 2 on 3-14-02 It]*

*[stamp: PORT ISABEL, TEXAS 2002 FEB 14 A 10:42]*

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

9747 N. Conant Ave, Kansas City, Missouri 64153
(Complete Address of Immigration Court, Including Room Number, if any)

on ___ to be set ___ at ___ to be set ___ to show why you should not be removed from the United States based on the
   (Date)            (Time)

charge(s) set forth above.

_____   Deputy District Director
(Signature and Title of Issuing Officer)

Kansas City, Missouri
(City and State)

Date: January 24, 2002

*[stamp: E.O.I.R. EXHIBIT # 1 DATE 2-27-02 HRG. LOCATION IMMIGRATION JUDGE]*

See reverse for important information

Form I-862 (Rev. 4-1-97)

IN THE DISTRICT COURT OF KANSAS
EIGHTEENTH JUDICIAL DISTRICT
SEDGWICK COUNTY, CRIMINAL DEPARTMENT

| | |
|---|---|
| THE STATE OF KANSAS ) | |
| *Plaintiff,* ) | |
| ) | |
| vs. ) | |
| ) | **99CR2312** |
| ) | Case No. |
| JUAN * LARIN, ) | |
| H/M, DOB: 05/15/55, ) | |
| SSN: 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, ) | |
| *Defendant.* ) | |

FILED AUG 24  4/24 PM '99
CLERK OF DISTRICT COURT
18TH JUDICIAL DISTRICT
SEDGWICK CO., KANSAS
BY _____

## COMPLAINT/INFORMATION
### COUNT ONE

**COMES NOW** MARGARET A. MCINTIRE, a duly appointed, qualified and acting Assistant District Attorney of the 18th Judicial District of the State of Kansas, and for and on behalf of said State gives the court to understand and be informed that in the County of Sedgwick, and State of Kansas, and on or about the 22nd day of August, 1999, A.D., one JUAN * LARIN did then and there unlawfully, intentionally [in a manner whereby it could have caused] cause great bodily harm or disfigurement to another person, to-wit: Isarael Rosas;

*Contrary to Kansas Statutes Annotated 21-3414(a)(1)(A), Aggravated Battery, Severity Level 7, Person Felony*

13

all of the said acts then and there committed being contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Kansas

99CR2312

_____
MARGARET A. McINTIRE, #13207
Assistant District Attorney

*State Of Kansas* )
        ) ss:
*Sedgwick County* )

M. E. SILVA, being first duly sworn, states that I have read the above and foregoing Complaint/Information and know the contents thereof, and that the same is true in substance and in fact.

_____
M. E. SILVA  #1389
Complaining Witness

SUBSCRIBED AND SWORN to before me on this 24th day of August, 1999.

DONNA J. MONAREZ
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 1-9-2003

_____
NOTARY PUBLIC

*State Of Kansas* )
        ) ss:
*Sedgwick County* )

MARGARET A. McINTIRE, Assistant District Attorney for the 18th Judicial District of Kansas, within and for said State, being first duly sworn states that I have read the above and foregoing Complaint/Information and know the content thereof, and that the same is true in substance and in fact to my best information and belief.

_____
MARGARET A. McINTIRE, #13207
Assistant District Attorney

SUBSCRIBED AND SWORN to before me on this 24 day of Aug, 1999.

_____
JUDGE OF THE DISTRICT COURT

STATE WITNESSES:
CW: DET. M. E. SILVA, #1389, WPD (99C78280)

[STATE'S WITNESS LIST CONTINUED]

Certificate of Clerk of the District Court. The above is a true and correct copy of the original instrument which is now of record in this court.
_____ day of January, 2002
CLERK OF THE DISTRICT COURT
18TH JUDICIAL DISTRICT
SEDGWICK COUNTY, KANSAS

14

*21-3414.* Aggravated battery. (a) Aggravated battery is:
(1) (A) Intentionally causing great bodily harm to another person or disfigurement of another person; or
(B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or
(C) intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or
(2) (A) recklessly causing great bodily harm to another person or disfigurement of another person; or (B) recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted.

(b) Aggravated battery as described in subsection (a)(1)(A) is a severity level 4, person felony. Aggravated battery as described in subsections (a)(1)(B) and (a)(1)(C) is a severity level 7, person felony. Aggravated battery as described in subsection (a)(2)(A) is a severity level 5, person felony. Aggravated battery as described in subsection (a)(2)(B) is a severity level 8, person felony. A person convicted of aggravated battery shall be subject to the provisions of subsection (h) of K.S.A. 21-4704 and amendments thereto.

*21-4707.* Sentencing; crime severity scale for nondrug crimes, application to specific crimes; ranking offenses, provision; unranked offenses; unclassified felonies; prior convictions discovered after the plea. (a) The crime severity scale contained in the sentencing guidelines grid for nondrug crimes as provided in K.S.A. 21-4704 and amendments thereto consists of 10 levels of crimes. Crimes listed within each level are considered to be relatively equal in severity. Level 1 crimes are the most severe crimes and level 10 crimes are the least severe crimes. If a person is convicted of two or more crimes, then the severity level shall be determined by the most severe crime of conviction. (b) When the statutory definition of a crime includes a broad range of criminal conduct, the crime may be subclassified factually in more than one crime category to capture the full range of criminal conduct covered by the crime. (c) The provisions of this subsection shall be applicable with regard to ranking offenses according to the crime severity scale as provided in this section: (1) When considering an unranked offense in relation to the crime severity scale, the sentencing judge should refer to comparable offenses on the crime severity scale. (2) Except for off-grid felony crimes, which are classified as person felonies, all felony crimes omitted from the crime severity scale shall be considered nonperson felonies. (3) All unclassified felonies shall be scored as level 10 nonperson crimes. (4) The offense severity level of a crime for which the court has accepted a plea of guilty or nolo contendere pursuant to K.S.A. 22-3210 and amendments thereto, or of a crime of which the defendant has been convicted shall not be elevated or enhanced for sentencing purposes as a result of the discovery of prior convictions or any other basis for such enhancement subsequent to the acceptance of the plea or conviction. Any such prior convictions discovered after the plea has been accepted by the court shall be counted in the determination of the criminal history of the offender. **History:** L. 1992, ch. 239, §§ 7; L. 1993, ch. 291, §§ 257; L. 1994, ch. 291, §§ 52; July 1.