26

United States District Court
Southern District of Texas
FILED

JUN 1 3 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EUGENIO REYNA-MONTOYA, ET. AL, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | CIVIL ACTION NO. B-02-026 |
| v. | ) | |
| | ) | |
| E.M. TROMINSKI, | ) | |
| INS DISTRICT DIRECTOR | ) | |
| BOARD OF IMMIGRATION APPEALS | ) | |
| | ) | |
| Respondent. | ) | |

**REPLY TO PETITIONER'S RESPONSE TO RESPONDENT'S OBJECTION TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Respondent Immigration and Naturalization Service ("INS") respectfully files its reply to "Petitioner's Response to Magistrate Judge's Report and Clarification of Relief Sought." In compliance with local court rules, a separate motion for leave to file the instant reply is concurrently filed with the Court.

Respondent contends that the Petitioners' proposed scheme of individual injunctions for class members based on a class-wide declaratory judgement is in reality a class-wide injunction which, given the prohibition of this Court to issue such an injunction, is problematic and should be rejected.

1

### Discussion

Petitioners' proposed scheme for affording individual injunctive relief for class members is in reality no different than affording them class-wide injunctive relief.  To that extent, it runs afoul of INA Section 242(f)(1), which, as petitioners acknowledge, prohibits this Court from granting class-wide injunctive relief[1].

The U.S. Supreme court in  Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, (1999), noted that class-wide injunctive relief is prohibited by INA Sec. 242(f), and it is prohibited in the context of Section 236(c):

> By its plain terms, and even by its title, that provision is nothing more or less than a limit on injunctive relief.  It prohibits federal courts from granting classwide injunctive relief against the operation of §§ 1221-1231, but specifies that this ban does not extend to individual cases.

American Arab, supra, at 481-482.  Section 236(c), 8 U.S.C. § 1226(c) clearly falls within the proscription.

Petitioners attempt to circumvent this clearly proscribed application of injunctive relief by proposing a scheme in which class-wide declaratory relief is granted, but injunctions are

---

[1]  INA Sec. 242(f)(1) provides:
Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

2

undertaken individually.  Though this sounds tempting, in reality
it is essentially a class-wide injunction, which this Court is
without jurisdiction to issue.

Petitioners proposed scheme is as follows:

Plaintiffs are not seeking a class-side injunction.  Rather, they
would request that, as soon as the class is certified, class
members be permitted to file individual motions for injunctions,
and receive expedited treatment of said motions.

"Petitioner's Response to Magistrate Judge's Report and
Recommendation and Clarification of Relief Sought." at 2.
Presumably, under this scheme, petitioners' individual
injunctions would issue from the class-wide declaration for
injunctive relief.  Any member of the class may, once the class
is certified and declaratory judgment is rendered, merely file a
habeas petition in the district Court, allege class membership,
cite to the class-wide declaratory judgement, and claim his or
her injunction.

Chapter 151 of Title 28 of the United States Code outlines
the procedure for declaratory judgements.  Section 2201 of Title
28, entitled "Declaratory Judgements," reads as follows:

. . .any court of the United States, upon the filing
of an appropriate pleading, may declare the rights and
other legal relations of any interested party seeking
such declaration, whether or not further relief is or
could be sought.  <u>Any such declaration shall have the
force and effect of a final judgement or decree and
shall be reviewable as such</u>.

28 U.S.C. § 2201(a)(emphasis added).  In the case at bar, any
member of the class, once certified, may walk into court with the
declaratory judgement and seek his injunction under the provision

3

of §2202, which is entitled "Further Relief" and provides:

> Further necessary or proper relief <u>based on a</u>
> <u>declaratory judgement</u> or decree may be granted, after
> reasonable notice and hearing, against any adverse
> party whose rights have been determined by such
> judgement.

28 U.S.C. § 2202 (emphasis added).  Thus, members of the class may obtain injunctions based on their membership in the class.  Stating that this is not a "classwide injunction"  merely winks at the reality that the Petitioners' scheme operates precisely the way that Section 242(f)(1) prohibits.  It should be treated as such.  "That which looks like a duck, walks like a duck, and quacks like a duck will be treated as a duck even though some would insist upon calling it a chicken."  <u>Tidelands</u> <u>Marine Service v. Patterson</u> 719 F.2d 126 (5th Cir. 1983).

//

//

//

//

//

//

//

//

## Conclusion.

Accordingly, because this Court lacks jurisdiction to afford

4

class-wide injunctive relief, and because the Petitioners'
proposed scheme is in effect a class-wide injunction, the
District Court should sustain the government's objections, and,
for reasons already stated, find that Section 236(c) is
constitutional and dismiss the habeas petition for all named
plaintiffs.

Respectfully submitted,

ROBERT D. McCALLUM, Jr.
Assistant Attorney General
Civil Division

RICHARD M. EVANS
Assistant Director

for PAUL FIORINO, Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 353-9986

Dated:  June 13, 2002

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2002, a copy of the foregoing **"REPLY TO PETITIONER'S RESPONSE TO RESPONDENT'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION"** was served upon petitioner's counsel by causing it to be placed in the Department of Justice mailroom in sufficient time for same day mailing, first class postage prepaid, and addressed to:

Lisa Brodyaga, Esq.
17891 Landrum Park Rd.
San Benito, TX 78586

for PAUL FIORINO, Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 353-9986