United States District Court
Southern District of Texas
FILED

JUN 1 7 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EUGENIO REYNA MONTOYA, and )
JUAN LUIS GONZALEZ-SANCHEZ, )
  In their own name and right, )
  and on behalf of all others )
  similarly situated, )
  )
v. )  C.A. No. B-02-026
  )
E.M. TROMINSKI, INS DISTRICT )
  DIRECTOR, and )
JOHN ASHCROFT, ATTORNEY )
  GENERAL OF THE UNITED STATES. )
  )

**PETITIONERS' ADVISAL, IN THE INTEREST OF SPEEDY RESOLUTION,
OF NO OPPOSITION TO RESPONDENTS' MOTION FOR LEAVE TO FILE REPLY
TO PETITIONERS' RESPONSE TO RESPONDENTS' OBJECTIONS TO THE
REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioners, by and through counsel, and in the interest of speedy resolution of the instant case, hereby advise this Honorable Court that they have no opposition to Respondents' "Motion For Leave To File Reply To Petitioner's [sic] Response to Respondent's [sic] Objection to Magistrate Judge's Report and Recommendation." Upon even cursory analysis, said Reply is completely without merit.

Respondents claim that a procedure whereby class members could file, and receive expedited consideration of, individual motions for injunctions is, in essence, a class-wide injunction. This would only be true if issuance of the injunctions were automatic. However, the suggested procedure would entail that a motion be filed, Respondents be given an opportunity to respond, and thereafter, an individual injunction would issue, if and only if the individual demonstrated that he or she was, in fact, a member of the class, i.e., an LPR, who had been placed under proceedings, and was detained solely under the authority of 8 U.S.C. §1226(c)(1). As previously noted, this would give the Respondents an opportunity to lodge, and to assert, other bases of detention, (such as that the LPR was a suspected terrorist). It would

therefore comply with 8 U.S.C. §1252(f)(1), prohibiting injunctions which would "enjoin or restrain" the operation of §1226(c):

> ...other than with respect to the application of such provisions to an individual alien against whom proceedings under such chapter have been initiated.

IT IS THEREFORE URGED that the Court forthwith issue injunctions in the cases of named Petitioners Eugenio Reyna-Montoya and Jose Luis Sanchez-Gonzalez, requiring Respondents to provide them with bond hearings within ten (10) days of the Court's Order, and that hearings be conducted promptly on the pending petitions for habeas corpus of class members Lucina Hernandez De Montalvo, Jose Luis Orosco, Pedro Castillo-Luna, and Juan Larin-Ulloa.

IT IS FURTHER URGED that Plaintiffs' motion for class certification be granted, that a Declaratory Judgement issue, declaring that, as applied to lawful permanent residents, the mandatory detention provisions of 8 U.S.C. §1226(c)(1) violate Due Process, and that a status conference be held in the near future, at which to discuss class management, and procedures for requesting individual injunctions on behalf of class members.

Respectfully Submitted,

/s/ Lisa S. Brodyaga

Lisa S. Brodyaga, Attorney        Thelma O. Garcia, Attorney
17891 Landrum Park Road            301 E. Madison
San Benito, TX 78586               Harlingen, TX 78550
(956) 421-3226                     (956) 425-3701
(956) 421-3423 (fax)               (956) 428-3731 (fax)
Fed. ID. 1178
Texas Bar 03052800

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, and Proposed Order, were mailed, first-class postage prepaid, to Paul Fiorino, Esq., OIL, Box 878 Ben Franklin Sta., Washington D.C. 20044, on June 17, 2002.