United States District Court
Southern District of Texas
FILED

JUL 31 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| EUGENIO REYNA-MONTOYA, ET. AL, ) | |
| ) | |
| Petitioners, ) | |
| ) | CIVIL ACTION NO. B-02-026 |
| v. ) | |
| ) | |
| E.M. TROMINSKI, ) | |
| INS DISTRICT DIRECTOR ) | |
| BOARD OF IMMIGRATION APPEALS ) | |
| ) | |
| Respondent. ) | |

## MOTION TO DISMISS FOR MOOTNESS

Respondent Immigration and Naturalization Service ("INS") respectfully moves to dismiss the petition for habeas corpus because no named plaintiffs are currently held under INA Section 236(c). Pursuant to Court rules, a separate motion for leave to file the instant notice is filed concurrently with the Court.

### Background

Both named plaintiffs are removable aliens who, until recently, were held in mandatory detention under the provision of INA Section 236(c), 8 U.S.C. § 1226(c). Petitioner Reyna-Montoya is a named plaintiff[1] from the original petition for habeas corpus, filed on February 13, 2002. Petitioner Gonzalez-Sanchez was joined as a plaintiff on April 25, 2002. The plaintiffs challenge their detention under Section 236(c) and seek class certification for themselves and others similarly situated, who are detained under Section 236(c). However, insofar as neither named plaintiff is any longer detained under the provisions of INA Sec. 236(c), the petition for habeas corpus should be dismissed as moot and the recommendation for class certification be denied.

---

[1] In the course of this litigation, other named plaintiffs were named and eventually withdrawn as their detention status ripened from mandatory, pre-order detention under INA § 236(c) to post-order detention under INA §241(a)(6).

1

### Petitioner Eugenio Reyna-Montoya

On July 18, 2002, Petitioner Eugenio Reyna-Montoya's appeal of the Immigration Judge's removal order was dismissed by the Board of Immigration Appeals. Exhibit A. Thus, he is under a final order of removal and remains in <u>post-order</u> detention, subject to periodic review, under INA Sec. 241(a)(6). Accordingly, he is no longer held in <u>pre-order</u> mandatory detention under INA Sec. 236(c).[2]

Petitioner's removal order became final upon the BIA's dismissal of his appeal. 8 C.F.R. § 241.1(a). As such, he is no longer held under INA Section 236(c), and will be detained for 90 days, unless removed sooner. <u>See</u> INA Sec. 241(a); 8 U.S.C. § 1231(a). Assuming he is not removed within 90 days, his custody will be reviewed under the provisions of 8 C.F.R. § 241.4(c).

Insofar as the habeas petition in the present case is grounded upon the constitutionality of Section 236(c) - a provision under which he is no longer held - the habeas petition with respect to Petitioner Eugenio Reyna Montoya should be dismissed.

### Petitioner Juan Luis Gonzalez Sanchez

Petitioner Juan Luis Gonzalez-Sanchez is likewise under a final order of removal. As he indicates in his motion to join as a plaintiff in the instant case, filed April 25, 2002 (Docket item #10), on the third page (unnumbered on the PACER display), "Mr. Gonzalez did not file an appeal, because he considered it would have been futile."

Thus, Mr. Gonzalez-Sanchez is likewise under a final order of removal.[3] Though it is not clear whether he affirmatively waived his appeal - in which case his order became <u>immediately</u> final, 8 C.F.R. § 241.1(b), or whether he allowed his appeal period

---

[2] On July 25, 2002, Petitioner has filed another habeas petition with the Court, again claiming that he is not an aggravated felon and/or that his controlled substance conviction has no immigration consequences. See <u>Reyna-Montoya v. Cabrera</u>, No. 1:02cv00144, Hon. Andrew S. Hanen, presiding. As an attachment to his habeas petition in that case, Petitioner admits that he is under a final order of removal, and includes as Petitioner's Exhibit A, a copy of the July 18, 2002 decision of the Board of Immigration Appeals denying his appeal of the Immigration Judge's decision.

[3] In the same motion where he sought to be joined as a plaintiff in the present action, Petitioner Gonzalez-Sanchez indicates in footnote 2, third page (unnumbered), that he has sought another hearing with the Immigration Judge. That does not alter the status of his detention, however. Petitioner remains in custody under Section 241 of the INA until and unless the Immigration Judge reopens his case. 8 C.F.R. § 241.4(b)(1).

to lapse, 8 C.F.R. § 241.1(c) - in which case his order became final 30 days after the Immigration Judge's opinion, 8 C.F.R. § 3.38(b) - Petitioner Gonzalez-Sanchez is under a final order of removal. He is also no longer held under Section 236(c). And again, insofar as his claim is now moot, the Court should dismiss petition with respect to Petitioner Juan Luis Gonzalez-Sanchez.

## Conclusion

Neither named plaintiff is detained under Section 236(c), and thus neither petitioner represents the putative class of litigants that petitioners allegedly represented. Accordingly, the habeas petition should be dismissed as moot.

Respectfully submitted,

ROBERT D. McCALLUM, Jr.
Assistant Attorney General
Civil Division

RICHARD M. EVANS
Assistant Director

PAUL FIORINO, Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 353-9986

Dated: July 31, 2002

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2002, a copy of the foregoing **"MOTION TO DISMISS FOR MOOTNESS"** was served upon petitioner's counsel by causing it to be placed in the Department of Justice mailroom in sufficient time for same day mailing, first class postage prepaid, and addressed to:

Lisa Brodyaga, Esq.
17891 Landrum Park Rd.
San Benito, TX 78586

PAUL FIORINO, Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 353-9986

Exhibit A

U.S. Department of Justice  
Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

File:   A36-740-936 - Harlingen

In re:  REYNA-MONTOYA, EUGENIO

Date: JUL 18 2002

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Garcia, Thelma O.

ON BEHALF OF SERVICE: Cheri L. Jones, Assistant District Counsel

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. See 8 C.F.R. § 3.1(a)(7).

FOR THE BOARD

GOVERNMENT EXHIBIT 4