42

United States District Court
Southern District of Texas
FILED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

AUG 2 9 2002

Michael N. Milby
Clerk of Court

EUGENIO REYNA-MONTOYA, ET AL.,    )
                                  )
          Petitioners,            )
                                  )   CIVIL ACTION NO. B-02-026
     v.                           )
                                  )
E.M. TROMINSKI,                   )
INS DISTRICT DIRECTOR             )
BOARD OF IMMIGRATION APPEALS      )
                                  )
          Respondent.             )
_____)

### OPPOSED MOTION TO DISMISS FOR MOOTNESS

Respondent Immigration and Naturalization Service ("INS")
respectfully moves to dismiss the petition for habeas corpus with
respect to the named plaintiff/petitioner Eugenio Reyna-Montoya
because he is no longer held in custody pursuant to Section
236(c) of the INA.  Pursuant to Court rules, a separate motion
for leave to file the instant notice is filed concurrently with
the Court.  Also pursuant to Local Rule 7(D), the movant
represents to the Court that the parties have conferred regarding
the instant motion and the Petitioner opposes it.

### Background

Until recently Petitioner Reyna-Montoya was held in
mandatory detention under the provision of INA Section 236(c), 8
U.S.C. § 1226(c).  He is a named plaintiff from the original

1

petition for habeas corpus, filed on February 13, 2002.[1]
Petitioner Gonzalez-Sanchez was joined as a plaintiff on April
25, 2002.

The plaintiffs challenge their detention under Section
236(c) and seek class certification for themselves and others
similarly situated, who are detained under Section 236(c).
However, insofar as petitioner Reyna-Montoya is longer detained
under the provisions of INA Sec. 236(c), the petition for habeas
corpus should be dismissed as moot with respect to him.

### Discussion

On July 18, 2002, Petitioner Eugenio Reyna-Montoya's appeal
of the Immigration Judge's removal order was dismissed by the
Board of Immigration Appeals.  Exhibit A.  Thus, he is under a
final order of removal and remains in post-order detention,
subject to periodic review, under INA Sec. 241(a)(6).
Accordingly, he is no longer held in pre-order mandatory
detention under INA Sec. 236(c).[2]

---

[1] In the course of this litigation, other named plaintiffs
were named and eventually withdrawn as their detention status
ripened from mandatory, pre-order detention under INA § 236(c) to
post-order detention under INA §241(a)(6).

[2] For the Court's information, on July 25, 2002, Petitioner
filed a separate habeas petition with the Court, admitting that
he is under an administratively final order of removal.  Reyna-
Montoya v. Cabrera, No. 1:02cv00144, S.D. Tex. ASH.  As an
attachment to his habeas petition in that case, Petitioner
includes as Petitioner's Exhibit A, a copy of the July 18, 2002
decision of the Board of Immigration Appeals denying his appeal
of the Immigration Judge's decision and thus rendering his

Petitioner's removal order became final upon the BIA's dismissal of his appeal. 8 C.F.R. § 241.1(a). As such, he is no longer held under INA Section 236(c), and will be detained for 90 days, unless removed sooner. See INA Sec. 241(a); 8 U.S.C. § 1231(a). Assuming he is not removed within 90 days, his custody will be reviewed under the provisions of 8 C.F.R. § 241.4(c).

Nor is there any merit in the argument that pre-order detention under Section 236 is so evanescent that it is "capable of repetition, yet evading review." Benavides v. Housing Authority of City of San Antonio, Tex. 238 F.3d 667 (5th Cir. 2001) ("Capable of repetition yet evading review" exception to mootness doctrine applies when: (1) challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is reasonable expectation that same complaining party will be subject to same action again.). The constitutionality of Section 236(c) is currently pending before the United States Supreme Court, Demore v. Kim, — S.Ct. —, 2002 WL 704365, 70 USLW 704365 (U.S. Jun. 28, 2002) (No. 01-1491) - a fact which belies the assertion that the issue evades review. Furthermore, there is no reasonable expectation that Mr. Reyna-Montoya will be held under Sec. 236(c) again. In addition, to the extent that Mr. Reyna-Montoya's detention is imposed under a different statutory provision, the alleged constitutional

---

deportation order final.

3

violation of which he complained is no longer applicable.
Accord, Oliver v. Scott, 276 F.3d 736  (5th Cir. 2002)(Alleged
privacy violations were not capable of repetition, yet evading
review, such that prisoner's claims for injunctive relief
survived his transfer to another institution, where claims
alleged facts specific to original facility and failed to
identify any specific state-wide policy that led to
constitutional violations).  Mr. Reyna-Montoya's detention under
Section 241 is currently before another judge of this Court in
another case.  To allow him to remain a named plaintiff in the
present case would constitute a needless duplicative habeas
petition.

Insofar as the habeas petition in the present case is
grounded upon the constitutionality of Section 236(c) - a
provision under which he is no longer held - the habeas petition
with respect to Petitioner Eugenio Reyna Montoya should be
dismissed.

//

//

//

//

//

//

4

### Conclusion

Petitioner Eugenio Reyna-Montoya is no longer detained under Section 236(c), and thus no longer represents the putative class of litigants. Accordingly, the habeas petition with respect to him should be dismissed as moot.

Respectfully submitted,

ROBERT D. McCALLUM, Jr.
Assistant Attorney General
Civil Division

JEFFREY J. BERNSTEIN
Senior Litigation Counsel

for PAUL FIORINO, Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, D,C. 20044
(202) 353-9986

Dated:  August 29, 2002

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2002, a copy of the foregoing **"OPPOSED MOTION TO DISMISS FOR MOOTNESS"** was served upon petitioner's counsel by causing it to be placed in the Department of Justice mailroom in sufficient time for same day mailing, first class postage prepaid, and addressed to:

Lisa Brodyaga, Esq.
17891 Landrum Park Rd.
San Benito, TX 78586

for PAUL FIORINO, Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 353-9986

**Exhibit A**

**U.S. Department of Justice**
Executive Office for Immigration Review

**Decision of the Board of Immigration Appeals**

**Falls Church, Virginia 22041**

File:   A36-740-936 - Harlingen

In re:  REYNA-MONTOYA, EUGENIO

Date: JUL 18 2002

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Garcia, Thelma O.

ON BEHALF OF SERVICE·  Cheri L. Jones, Assistant District Counsel

ORDER:

PER CURIAM.  The Board affirms, without opinion, the results of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 3.1(a)(7).

FOR THE BOARD

GOVERNMENT
EXHIBIT
4