```
                                              United States District Court
                                               Southern District of Texas
                                                       ENTERED

                                                   SEP 1 0 2002
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| EUGENIO REYNA-MONTOYA, ET AL., ) | |
| ) | |
| Petitioners, ) | |
| ) | CIVIL ACTION NO. B-02-026 |
| v. ) | |
| ) | |
| E.M. TROMINSKI, ) | |
| INS DISTRICT DIRECTOR ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioners Eugenio Reyna-Montoya and Juan Luis Gonzalez-Sanchez have filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Petitioners also seek to represent the class of all legal permanent residents who are, or will be, held by Respondents without bond in the Harlingen INS District, under the authority of 8 U.S.C. § 1226(c)(1).

**JURISDICTION AND VENUE**

Jurisdiction herein is appropriate under 28 U.S.C. §§ 2241 (habeas corpus), 1331 (federal question), and 1346(a)(2) (actions against officers of the United States), and pursuant to 28 U.S.C. § 2201 et seq. (Declaratory Judgment Act).

**THE STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1), a district court must engage in de novo review where a party has objected to a magistrate's decision. U.S. v. Wilson, 864 F.2d 1219, at 1221 (5th Cir. 1989). The standard of review for the contested recommendation of class certification is also <u>de</u> <u>novo</u>. 28 U.S.C. § 636(b)(1).

## CERTIFICATION OF THE CLASS UNDER FRCP 23(C)

Petitioners seek to represent the class of all legal permanent residents who are, or will be, held by Respondents without bond in the Harlingen INS District, under the authority of 8 U.S.C. § 1226(c)(1).

> One or more members of a class may sue or be sued as representative parties on behalf of all only if 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class.
>
> Fed. R. Civ. P. 23(a).

In his Report and Recommendation to the Court, the Magistrate Judge observed that joinder of all parties was impossible because there is no way to determine how many lawful permanent residents would be held at the INS Harlingen facility [Dkt. No. 17 at 6.] The Magistrate Judge then deemed Petitioners' allegations regarding class certification to be admitted under Rule 8(a). Id. He further found that questions of law and the claims made by the named Petitioners are common to the class as a whole, and that, based on the guarantee of counsel for Petitioners, the representative parties and their counsel will represent the interests of the class fairly and adequately, and concluded that the Petitioners had satisfied Federal Rule of Civil Procedure 23(a) [Dkt. No. 17 at 7].

Respondent first maintains that the Magistrate Judge misapplied Fed. R. Civ. P. 8(d) to its document, which, Respondent claims, was a motion to dismiss, and not a pleading [Dkt. No. 6]. Rule 8(d) states that "[a]verments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading." Respondent's Motion was styled "Respondent's Motion to Dismiss and Response to Petition for Writ of Habeas Corpus and Class Action Complaint for Declaratory and Injunctive Relief." Petitioners argue that Respondents "cannot now claim that their "response" was not an "answer" to the class action complaint." [Dkt. No. 23 at 4].

Rule 7(a) contemplates as "pleadings": a complaint and an answer, a reply to a

counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third party complaint . . . and a third party answer . . ." Fed. R. Civ. P. 7(a). Rule 7(b) discusses the requirements for motions, and contemplates a motion as an application for a court order or other relief. See id.

The Petition in this case was styled "Petition for Writ of Habeas Corpus and Class Action Complaint or Declaratory and Injunctive Relief" [Dkt. No. 1]. However, the class certification request was contained in a separate motion styled "(Opposed) Motion for Class Certification, with Incorporated Points and Authorities in Support Thereof" [Dkt. No. 3]. The Court **SUSTAINS** the objection to the Report and Recommendation's conclusion that Respondent's failure to respond to Petitioners' Motion for class certification causes the allegations to be deemed admitted. Instead, the Court will consider Respondent's Objections to the Report and Recommendation as a response to the Motion for Class Certification.

In order for a class to be certified, the class must conform to the requirements for class certification under Rule 23. The Court therefore turns to the issue of whether the class conforms to the Rule.

Typicality and Representativeness

Under Rule 23(c), a class may be certified if "the representative parties will fairly and adequately protect the interests of the class." Petitioners maintain that they do not seek to certify a class for their habeas corpus petitions; they merely seek class status for purposes of securing a declaratory judgments, as well as individual injunctions on their own behalf, and on behalf of other class members. [Dkt. No. 23 at 2].[1] Petitioners further explain that "[i]f the class is certified, and relief granted, [a legal permanent resident detained in Harlingen] would be covered by a Declaratory Judgment that 8 U.S.C. 1226(c) was unconstitutional as applied to him or her. S/he would also have the option of requesting an individual injunction, mandating that INS provide a bond hearing. Such hearings are routinely conducted for aliens detained at great distances

---

[1] For this reason, the Court does not address Respondent's arguments against class certification for the habeas petitions.

from their prior residences." [Dkt. No. 23 at 4].

A similar analysis is employed in determining whether the typicality requirement is met; therefore the Court examines them together. The claims or defenses of the parties "must be typical of the claims or defenses of the class. . . . Like commonality, the test for typicality is not demanding. It focuses on the similarity between the named Plaintiffs' legal and remedial theories of those whom they purport to represent. . . . Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality. James v. City of Dallas, 254 F.3d 551, 571 (5th Cir. 2001) (internal citations and quotations omitted).

"The typicality requirement protects class member from representation by a party who is preoccupied with a defense which is applicable only to himself. . . Thus, class certification is inappropriate where a putative representative is subject to unique defenses which threaten to become the focus of the litigation." Kalodner v. Michaels Stores 172 F.R.D. 200, 204-05 (N.D. Texas 1997) (internal citations and quotations omitted). Here, because the putative class representatives do not seek to certify a class for their habeas petitions, there is no threat that any unique defenses of the putative class representatives will become the focus of this litigation. The particulars of each putative class member's detention under the statute does not come into play at this stage in the proceedings. Only at later bond hearings of individual class members will the particulars of each case come to light. The Court agrees therefore that the typicality and representativeness requirements are met.

Numerosity and Commonality

Respondents do not challenge the other requirements for certifying this class. The Court agrees with Petitioners that the commonality requirement is met, as the issue common to all is whether detention without bond under the statute violates the rights of the putative class members to Due Process. Numerosity is established through Respondents' own exhibit [Dkt. No. 21 Ex. A], as well as the reasoning employed by the

Magistrate Judge [Dkt. No. 17 at 4].

Conclusion

The Court therefore approves certification of a class which includes all Legal Permanent Residents who are or will be held by Respondents without bond in the Harlingen INS district under the authority of 8 U.S.C. § 1226(c) for purposes of declaratory judgment only.

## CONSTITUTIONALITY OF § 1226(c)

Pursuant to 8 U.S.C. §1226(c), the Attorney General may take into custody an alien who

> is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii) [multiple criminal convictions for crimes of moral turpitude], (A)(3)[aggravated felonies], (B) [controlled substances], (C) [certain firearms offenses], or (D) [miscellaneous crimes] of this title . .
> Id.

Apart from instances of necessity to provide protection to the alien in question, the Attorney General has no discretion to consider whether criminal aliens should be released pending removal proceedings. Petitioners seek, inter alia, a declaratory judgment that mandatory detention as applied to legal permanent residents held indefinitely without bond during the pendency of removal proceedings violates the Due Process clause. They further seek preliminary and permanent injunctions restraining and enjoining Respondents from holding such individuals under the statute as "mandatory detainees" without a bond hearing before an immigration judge.

The Magistrate Judge noted that the Third, Ninth and Tenth Circuits have found §1226(c) unconstitutional [Dkt. No 17 at 8] citing Hoang v. Comfort, 282 F.3d 1247 (10th Cir. 2002); Kim v. Ziglar, 276 F.3d 523 (9th Cir. 2002) cert. pending; Patel v. Zemski,

275 F.3d 299 (3d Cir. 2001).[2] The Magistrate Judge followed the Ninth Circuit's analysis in Ziglar, which itself followed the reasoning of the Supreme Court in the recent case of Zadvydas v. Davis, 533 U.S. 678, at 690 (2001).

The Zadvydas Court started with the premise that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." Id. at 690. The Court then declared that in a civil proceeding which is presumptively nonpunitive in purpose and effect, a "sufficiently strong special justification . . . for indefinite civil detention" must be provided. Id. The Ziglar court noted that

> as in Zadvydas, it is clear that the statute authorizing detention is civil and regulatory, not criminal or punitive. The detention authorized by §1226(c) is ostensibly designed to ensure that aliens are removed, and it is established law that removal proceedings are civil. Following Zadvydas, we must thus analyze §1226(c) to determine whether the government has provided a sufficiently strong 'special justification' to justify civil detention of a lawful permanent resident alien.
> Ziglar, 276 F.3d at 530.

The Magistrate Judge followed the Ziglar court's reasoning that any justification offered by INS would not qualify as a "special justification" within the meaning of Zadvydas, because INS could not possibly show that the statute covers only those aliens who are especially dangerous to the public. The Court agrees that "[t]he justification that INS has raised simply does not overcome the fact that the government in this instance is depriving individuals' liberty in an unfair manner." [Dkt. No. 17 at 10]. Based on this reasoning, the Magistrate Judge found that § 1226(c) violated the Petitioners' right to procedural due process, and did not address the Petitioners' substantive due process claims [Dkt. No. 17 at 10].

The Court further notes that the other two circuits which have held this statute unconstitutional employed similar reasoning to Ziglar.

The Third Circuit rejected the government's argument that "the liberty interest of criminal aliens is not a fundamental right" and therefore requires only minimal scrutiny Patel v. Zemski, 275 F.3d 299, 308 (3d Cir. 2001). The court held that the statute

---

[2] The Court here notes that the one circuit court decision that upheld the statute as constitutional, Parra v. Perryman, 172 F.3d 954 (7th Cir. 1999), was decided before Zadvydas, and the Court therefore declines to follow its reasoning.

indeed infringed upon a fundamental liberty interest of legal permanent residents and therefore "it must be narrowly tailored to serve a compelling state interest." Id. at 308. Applying heightened scrutiny, the court held that the government's stated goals, preventing aliens from absconding or endangering the community "only justify detention of those individuals who present such a risk." Id. at 312. As to those individuals who present no such risk, "to deprive these individuals of their fundamental right to freedom furthers no government goal, while generating a considerable cost to the government, the alien, and the alien's family. . . . Obviously, a hearing to evaluate flight risk and danger to the community presents a less restrictive means for the government to achieve its goals. It appears that such a procedure can be implemented with minimal burdens on the government." Id.

Similarly strong language was used by the Tenth Circuit, which declared that "[e]ven in the context of aliens, government detention violates the Due Process clause unless the detention is ordered in a criminal proceeding with adequate procedural protections, or in 'certain special and narrow nonpunitive circumstances . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" Hoang, 282 F.3d at 1257 quoting Zadvydas at 690.

The Court agrees with the reasoning of the three circuits which have held the statute unconstitutional, and holds that the government has offered no special justification for detention without a hearing sufficient to outweigh the fundamental liberty interest of the legal permanent residents at issue here.

The Magistrate Judge recommended granting the habeas petition, granting the named class declaratory and injunctive relief, ordering a bond hearing for the named Petitioners within ten days of the decision, and denying the motion to dismiss. [Dkt. No. 17 at 11-12]. The Court hereby **CONCURS IN THE RESULT** of the Report and Recommendation of the Magistrate Judge [Dkt. No. 17]. The Court declines to adopt in full the Report and Recommendation only because of the Magistrate's deeming admitted the allegations under Rule 8(d), and **SUSTAINS** the objection on that point.

A separate judgment will issue.

DONE this 9th day of September 2002, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge