UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 8 2002

Michael N. Milby
Clerk of Court

EUGENIO REYNA MONTOYA, et al    )
                                )
v.                              )   C.A. No. B-02-026
                                )
E.M. TROMINSKI, et al.          )
_____)

PETITIONERS' OPPOSITION TO RESPONDENTS'
(SECOND) MOTION TO DISMISS FOR MOOTNESS

Petitioners/Plaintiffs, through counsel, hereby oppose the recent motion to dismiss as moot filed by Respondents/Defendants.

On February 13, 2002, Petitioner Reyna, and others, filed the instant Petition for Habeas Corpus and Class Action Complaint for Declaratory and Injunctive Relief, challenging the constitutionality, as applied to lawful permanent residents, ("LPRs"), of 8 U.S.C. §1226(c), which requires the mandatory detention of certain categories of noncitizens. Petitioner Reyna sought both a writ of habeas corpus, on his own behalf, and injunctive and declaratory relief on behalf of the class he sought to represent. On September 9, 2002, this Court adopted in part the Report and Recommendation of the Magistrate Judge. The Court certified the case as a class action and held that 8 U.S.C. §1226(c)(1) violates the procedural due process of LPRs subject to detention under the statute. It has therefore been declared and adjudged that the detention of Plaintiff Reyna violated his rights under the Due Process Clause of the Fifth Amendment.

For a number of years, Respondents have agreed that persons such as Petitioner Reyna, in whose cases administratively final orders of removal are issued, and who file timely petitions for writs of habeas corpus to contest such orders, would not be detained, absent such factors as the commission of a new offense, or indications that the person intends to abscond, while their petitions are being adjudicated. For this reason, immigrants are still at liberty such

as the Petitioners in *Hernandez-Delgadillo v. Trominski,* CA B-01-061; *Salazar-Regino v. Trominski,* CA B-02-045; *Torres-Espino v. Trominski,* CA B-02-062; *Toscano-Gil v. Trominski,* CA B-02-084; *Cantu-Delgadillo v. Trominski,* CA B-02-114; *Carrizales-Perez v. Cabrera,* CA B-02-136, and *Sandoval-Herrera v. Cabrera,* CA B-02-138.

Said agreement is also the reason why approximately sixty lawful permanent residents who *successfully* challenged the retroactive application of §440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 were able to do so. *See, Cantu-Salinas et al v. Trominski et al,* CA B-97-183, Hon. Filemon B. Vela presiding. Had they been incarcerated, few, if any, of them would have been able to maintain the struggle for their LPR status until the issuance of *INS v. St. Cyr,* 121 S.Ct. 2271 (2001) (holding that the repeal of §212(c) could not be applied retroactively).

It is undisputed that the Board of Immigration Appeals cannot entertain challenges to the constitutionality of the Immigration and Nationality Act. *See, e.g., Matter of Finnair Flight AY103* (BIA 2001):

> To the extent that the respondent is challenging the constitutionality of the Service's regulations or claiming that the conflict is unconstitutional, we note that it is well settled that the Board lacks jurisdiction to entertain such constitutional challenges.

The inability of such persons to meaningfully challenge their orders of deportation, on constitutional grounds, would also violate Due Process.

Mr. Reyna has now passed into the category of cases headed by *Salazar-Regino, supra.* Like those ultimately resolved by the Supreme Court in *INS v. St. Cyr, supra,* it may be years before the

issues raised therein are finally resolved. In fairness and equity, he should also be released, pending resolution of his habeas petition challenging the merits of his removal order, *Reyna-Montoya v. Cabrera*, CA B-02-144. Instead of viewing him in this light, Respondents seek to remove him even from the purview of this Court's Order, granting him the right to a bond hearing, at which his eligibility for release is to be determined solely on the basis of whether he is a flight risk, or a danger to the community. He is certainly entitled to no less.

It may well be that Mr. Reyna is no longer an appropriate class representative. But the facts as pled in his individual petition for writ of habeas corpus, alleging that his detention, without possibility of bond, violates his Due Process rights, is as true, if not more so, than it was when filed. And the relief granted to him, in his individual capacity, by this Court is certainly within the powers of the Court, under 28 U.S.C. §2241.

Therefore, it is respectfully urged that Mr. Reyna's habeas petition is not moot. He remains detained, without access to bond, and he continues to urge that such detention violates Due Process. *See, e.g., Carr v. Alta Verde Ind., Inc.*, 931 F.2d 1055 (5th Cir. 1991) (In order to prove mootness, the defendant must adduce evidence from which it is "*absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur," quoting *U.S. v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)). Therefore, Respondents' motion to dismiss, as moot, is not well-taken, and should be denied.

Respectfully Submitted,

*[signature: Isae S. Brodyaga]*

3

Lisa S. Brodyaga, Attorney  
17891 Landrum Park Road  
San Benito, TX 78586  
(956) 421-3226  
(956) 421-3423 (fax)  
Fed. ID.  1178  
Texas Bar 03052800  

Thelma O. Garcia, Attorney  
301 E. Madison  
Harlingen, TX 78550  
(956) 425-3701  
(956) 428-3731 (fax)  

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing, with proposed Order, was mailed, first-class postage prepaid to Paul Fiorino, Attorney, OIL, P.O. Box 878, Ben Franklin Sta., 20044, this 17th day of September, 2002.

_____