United States District Court
Southern District of Texas
FILED

SEP 1 8 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

EUGENIO REYNA MONTOYA, et al    )
                                )
v.                              )   C.A. No. B-02-026
                                )
E.M. TROMINSKI, et al.          )
                                )
_____ )

## PLAINTIFFS/PETITIONERS' OPPOSED MOTION TO AMEND
## COURT'S SEPTEMBER 9, 2002 ORDER

COME NOW Petitioners Eugenio Reyna Montoya and Juan Luis Gonzalez-Sanchez, on behalf of the class they represent herein, and file this motion to amend the Court's Order issued on September 9, 2002, by replacing the class-wide injunction with a procedure for expedited consideration of individual requests for relief, and by ordering that Respondents provide class counsel with access to the class as certified, so that such individualized requests may be made, and processed, in an orderly, and prompt, fashion.

In support thereof, Plaintiffs/Petitioners would show as follows:

On February 13, 2002, Plaintiffs filed the instant Petition for Habeas Corpus and Class Action Complaint for Declaratory and Injunctive Relief, challenging the constitutionality, as applied to lawful permanent residents, ("LPRs"), of 8 U.S.C. §1226(c), which requires the mandatory detention of certain categories of noncitizens. On September 9, 2002, this Court adopted in part the Report and Recommendation of the Magistrate Judge. The Court certified the case as a class action and held that 8 U.S.C. §1226(c)(1) violates the procedural due process of LPRs subject to detention under the statute. As previously discussed in "Petitioners' Response to the Magistrate Judge's Report and Recommendation and Clarification of Relief Sought," [Dkt. No. 20],

and in their "Reply to Respondents' Objections to the Magistrate Judge's Report and Recommendation," [Dkt. No. 23], Plaintiffs were not requesting class-wide injunctive relief, which could be viewed as conflicting with 8 U.S.C. §1252(f)(1). Such an injunction could also delay the ability of the individual class members to obtain relief, by raising the possibility that Respondents might obtain a stay of the entire Order, pending appeal to the Fifth Circuit. Therefore, Plaintiffs respectfully move this Court to amend its order to avoid any potential conflict with 8 U.S.C. 1252(f)(1), and to ensure access to class members by class counsel.

Petitioners would note that, by its terms, 8 U.S.C. §1252(f)(1) prohibits federal courts from issuing class wide injunctions restraining the operation of 8 U.S.C. §§1221-1231. *See also, Reno v. American-Arab Anti-Discrimination Committee*, 119 S.Ct. 936, 942 (1999). But nothing in that provision prohibits federal courts from granting declaratory relief. *See, North Jersey Media Grp., Inc. v. Ashcroft*, 205 F.Supp.2d 288, 295 (D.N.J. 2002) (holding that §1252(f)(1) did not bar the district court from exercising jurisdiction over or granting relief to plaintiffs in First Amendment challenge to policy closing deportation hearings to the public and the press). More importantly, nothing in §1252(f)(1) bars federal courts from enjoining constitutional violations by the INS. *See, Grimaldo v. Reno*, 187 F.R.D. 643, 648 (D.Col. 1999).

Therefore, in order to avoid any conflict with 8 U.S.C. §1252(f)(1) and effectuate the Court's decision that 8 U.S.C. §1226(c)(1) violates the due process rights of the class the Court certified, Plaintiffs respectfully request that the Court amend paragraph 6 of its September 9, 2002 Order and grant the following relief:

> GRANTED Petitioners' request for expedited procedures to process requests for injunctions by individual class members. To avoid the filing of numerous individual habeas petitions seeking the relief as granted herein,

4

> Respondents are ORDERED to provide class counsel on a weekly basis a list of class members in Respondents' custody and afford class counsel access to said class members, such that, at a pre-arranged and mutually convenient time, class counsel are able to speak with all class members in a group setting. Class counsel will thereafter file with the Court, and hand-deliver to counsel for Respondents, the names and A-numbers of those class members who wish to be considered for individualized bond hearings. Within five working days thereafter, Respondents shall file any objections they may have to this Court considering said class members for individual injunctions. After reviewing the submissions, the Court will issue its decision on injunctive relief to individual class members;

Because the Court has granted the petitions for habeas corpus of the two named Plaintiffs, and because the Government has stated that, absent a timely stay, they intend to provide them with bond hearings no later than September 23, 2002, Petitioners/Plaintiffs presently consider that the two named Plaintiffs will have received their individualized bond hearings, and paragraph 4 of the Court's Order of September 9, 2002, will have become moot, by the time the instant motion is heard. Should this occur, said paragraph may be deleted. However, should this not occur, Plaintiffs will immediately advise the Court.

## CERTIFICATE OF CONSULTATION

On September 17, 2002, the undersigned spoke with Lisa Putnam, SAUSA, Attorney for Respondents herein about the instant motion. Ms. Putnam stated that, unless they were able to obtain a stay, on or before September 23, 2002, the Government intended to comply with this Court's Order insofar as it required bond hearings to be given to Petitioners Reyna and Gonzalez.

However, notwithstanding that the proposed amendment also relieves the Government of its obligation to grant bond hearings to any class members other than the two named Plaintiffs, unless and until the Court issues further injunctions, Ms. Putnam also stated that

5

the Government would oppose that aspect of the instant motion requesting that the Court's Order be amended along the lines of Plaintiffs' prior requests, [Dlt. Nos. 20 and 23]. She further stated that she would have to consult with Respondents with respect to Plaintiffs' request for access to class members. Therefore, as of the filing the instant motion, no agreement has been reached with respect to this aspect of the Plaintiffs' motion.

Respectfully Submitted,

*[signature: Lisa S. Brodyaga]*

| | |
|---|---|
| Lisa S. Brodyaga, Attorney | Thelma O. Garcia, Attorney |
| 17891 Landrum Park Road | 301 E. Madison |
| San Benito, TX 78586 | Harlingen, TX 78550 |
| (956) 421-3226 | (956) 425-3701 |
| (956) 421-3423 (fax) | (956) 428-3731 (fax) |
| Fed. ID. 1178 | |
| Texas Bar 03052800 | |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, and Proposed Order, were mailed, first-class postage prepaid to Lisa Putnam, SAUSA, P.O. Box 1711, this 18th day of September, 2002.

*[signature]*