United States District Court
Southern District of Texas
ENTERED

SEP 2 3 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EUGENIO REYNA-MONTOYA, ET AL., | § § § | |
| Petitioners, | § § § | |
| v. | § | Civil Action No. B-02-026 |
| E.M. TROMINSKI, INS DISTRICT DIRECTOR, | § § § § | |
| Respondent. | § | |

BE IT REMEMBERED that on September 23, 2002, the Court considered Respondent's Motion for Stay Pending Appeal [Dkt. No. 45], Petitioners' Motion for Stay of Paragraph 6 of this Court's September 9, 2002, Order pending resolution of a concurrently filed Motion to Amend the Order [Dkt. No. 48], Petitioners' Motion to Strike for Failure to Comply with Local Rule 7.1(D) [Dkt. No. 48], and Respondent's Motion to Dismiss for Mootness the writ of habeas corpus petition with respect to the named Petitioner, Eugenio Reyna-Montoya [Dkt. No. 42].

At the outset, the Court notes that Respondent failed to include a Certificate of Conference in its Motion for Stay, which violates Local Rule 7.1(D). In the interests of justice, however, the Court **DENIES** Petitioners' Motion to Strike for Failure to Comply with Local Rule 7.1(D), but points out that both parties would have benefitted from such a conference because the parties now urge the Court to stay paragraph 6 of the September 9, 2002, order pending appeal.

Both parties have brought to the Court's attention that Petitioner Eugenio Reyna-Montoya is no longer detained by INS pursuant to 8 U.S.C. § 1226(c) and is instead detained under a final order of removal pursuant to § 1231(a)(2). As Petitioner Reyna-Montoya's status has changed, rendering the above captioned habeas corpus petition inapplicable, he is no longer suitable as a class representative, and his habeas corpus petition is hereby **DISMISSED** as moot. The case shall henceforth proceed as Juan

Luis Gonzalez-Sanchez in his own name and right and on behalf of all others similarly situated vs. E.M. Trominski, INS District Director, and John Ashcroft, Attorney General of the United States.

Although the Court was initially inclined to grant Respondent's Motion for Stay, instead the Court has chosen to clarify its September 9, 2002, order. Consequently, the Court now **AMENDS** its previous ruling, and paragraph 6 is hereby **VACATED**. As the Court concluded in its accompanying decision to the September 9 order, [p. 5], only the declaratory judgment relief awarded applied to a class that includes all Legal Permanent Residents who are or will be held by Respondents without bond in the Harlingen INS district under the authority of 8 U.S.C. § 1226(c). The Court declared that § 1226 (c)(1) is unconstitutional as applied to Legal Permanent Residents and as such violates the procedural due process rights of said class under the Fifth Amendment of the United States Constitution. In this respect, the Court's order was issued with the intent to fully comply with 8 U.S.C. § 1252(f)(1), as interpreted by the United States Supreme Court in Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482 (1999). The declaratory judgment contained in this order, therefore, comports with the rulings of several circuits, which have found § 1226(c) unconstitutional. See Hoang v. Comfort, 282 F.3d 1247 (10th Cir. 2002); Kim v. Ziglar, 276 F.3d 523 (9th Cir.), cert. granted sub nom. Demore v. Huung Joon Kim, 122 S.Ct. 2696 (2002); Patel v. Zemski, 275 F.3d 299 (3d Cir. 2001). But see Parra v. Perryman, 172 F.3d 954 (7th Cir. 1999).

The Court now issues the following **AMENDED** order to its September 9, 2002, order, and it:

    1) **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation [Dkt. No. 17].

    2) **GRANTS** Petitioners' Motion for Class Certification [Dkt. No. 3] for the purpose of Declaratory Judgment.

    3) **GRANTS** Petitioners' writ of habeas corpus with respect to the named Petitioner Juan Luis Gonzalez-Sanchez pursuant to 28 U.S.C. § 2241 [Dkt. No. 1].

4) **ORDERS** the Government to afford Petitioner Gonzalez-Sanchez a bond hearing no later than September 30, 2002. At said hearing the Immigration Judge is **ORDERED** to state clearly, on the record, the basis for an individualized determination whether any condition or combination of conditions of release will reasonably ensure the Petitioner will not flee and will not endanger the public.

5) **GRANTS** Petitioners' request for a declaratory judgment [Dkt. No. 1], and **DECLARES** that 8 U.S.C. § 1226(c)(1) is unconstitutional as applied to legal permanent residents in violation of the procedural due process rights of said legal permanent residents, which are guaranteed under the Fifth Amendment of the United States Constitution.

Furthermore, in light of the fact that the Court now issues an amended order to the September 9 order, the Court **DENIES** Respondent's Motion for Stay Pending Appeal [Dkt. No. 45]. In relation to the remaining paragraphs of the original order, the Court is not persuaded that a stay is warranted in that the Respondent has failed to show the following: (1) there is a likelihood of success on the merits, or in the case of a "serious legal question," a showing that a 'substantial case' exists on the merits, Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981); (2) irreparable injury would occur without a stay; (3) granting a stay will not cause substantial injury to other parties interested in the proceeding; and (4) the public interest is served by such a stay. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Additionally, the Court **DENIES** Petitioners' Motion for Stay of Paragraph 6 of this Court's September 9, 2002, Order [Dkt. No. 48], and **GRANTS IN PART and DENIES IN PART** Petitioners' Motion to Amend the September 9, 2002, Order [Dkt. No. ~~48~~ 47].

DONE this 23rd day of September, 2002, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge

*Please substitute the next page. The correct one.* (handwritten annotation)

3

4) **ORDERS** the Government to afford Petitioner Gonzalez-Sanchez a bond hearing no later than September 30, 2002. At said hearing the Immigration Judge is **ORDERED** to state clearly, on the record, the basis for an individualized determination whether any condition or combination of conditions of release will reasonably ensure the Petitioner will not flee and will not endanger the public.

5) **GRANTS** Petitioners' request for a declaratory judgment [Dkt. No. 1], and **DECLARES** that 8 U.S.C. § 1226(c)(1) is unconstitutional as applied to legal permanent residents in violation of the procedural due process rights of said legal permanent residents, which are guaranteed under the Fifth Amendment of the United States Constitution.

Furthermore, in light of the fact that the Court now issues an amended order to the September 9 order, the Court **DENIES** Respondent's Motion for Stay Pending Appeal [Dkt. No. 45]. In relation to the remaining paragraphs of the original order, the Court is not persuaded that a stay is warranted in that the Respondent has failed to show the following: (1) there is a likelihood of success on the merits, or in the case of a "serious legal question," a showing that a 'substantial case' exists on the merits, Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981); (2) irreparable injury would occur without a stay; (3) granting a stay will not cause substantial injury to other parties interested in the proceeding; and (4) the public interest is served by such a stay. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Additionally, the Court **DENIES** Petitioners' Motion for Stay of Paragraph 6 of this Court's September 9, 2002, Order [Dkt. No. 48], and **GRANTS IN PART and DENIES IN PART** Petitioners' Motion to Amend the September 9, 2002, Order [Dkt. No. 47].

DONE this 23rd day of September, 2002, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge

3