

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 0 2002

Michael N. Milby
Clerk of Court

JUAN LUIS GONZALEZ-SANCHEZ,          )
 In his own name, and on behalf      )
 of all others similarly situated,   )
                                     )
v.                                   )   C.A. No. B-02-026
                                     )
E.M. TROMINSKI, et al.               )
_____)

### PETITIONERS' OPPOSITION TO INS' MOTION
### FOR LEAVE TO FILE LATE NOTICE OF APPEAL

Petitioners, by and through the undersigned, hereby oppose Respondent's Motion For Leave To File Late Notice Of Appeal.

#### I.  BACKGROUND

Respondent INS invokes this Court's discretionary equitable power to permit them to file a tardy amended appeal from the Court's Amended Order of September 23, 2002, which appeal was due on or before November 22, 2002. In said motion, at page 2, INS notes that the Court may extend the period for 30 days, upon a showing of "excusable neglect or good cause." They then assert, *id.*:

> The lateness of this notice is due to an oversight and conflicting obligations of the undersigned attorney.

What follows is a recitation of the responsible attorney's commitments during the week of November 18 - 22, 2002. Notably, the motion does not actually allege a causal relationship between the "oversight" and the "conflicting obligations," and Plaintiffs doubt that such a causal relationship exists.[1] Nor does the motion specify the "oversight" involved. There is no claim, for example, that the amended notice had been prepared, but the secretary who

---

[1] Preparing a notice of appeal requires very little effort. The amended notice could have been filed at any time after September 23, 2002. There was no need to wait until the last minute, particularly if the attorney had so many "conflicting obligations" during the final week of the appeal window.

was supposed to serve and mail it had neglected to do so, and the attorney failed to notice the "oversight." [2] One is left to wonder whether the "oversight" was a failure to notice that an amended notice was required by FRAP Rule 4(a)(4)(B)(ii). However, as shown below, an "oversight" based on a misreading of the federal rules would not constitute "excusable neglect" under Fifth Circuit precedent. [3] Without any discussion of the reasons for the "oversight," such as would be required for this Court to properly evaluate the equities of the situation, INS' motion must fail.

In essence, INS' motion boils down to plain vanilla oversight. They forgot. [4] So the question before this Court is whether such an unexplained "oversight" constitutes excusable neglect or good cause. Clearly, it is not "cause," let alone "good cause," so the issue is reduced to whether it constitutes excusable neglect.

Petitioners submit that it does not. Simple oversight is certainly "neglect," but does **not** constitute "excusable neglect" under Fifth Circuit and Supreme Court precedent. [5] To the contrary, under

---

[2] This situation might constitute "excusable neglect," because there was a valid *excuse* for the neglect. Here, there is none.

[3] *See, Midwest Employers' Casualty Co. v. Williams*, 161 F.3d 877,879 (5th Cir. 1998), holding that the District Court had abused its discretion in granting such an extension.

[4] Apparently the filing of the notice was stimulated by the receipt by INS of a motion to intervene filed by Attorney Charles Banker. Otherwise, the "oversight" would have gone undetected.

[5] Notably, INS cites no case where such a motion was granted under similar circumstances. In fact, INS cites no authority at all, beyond Rule 4(a)(5)(B) itself, in support of its position that it has shown either good cause or excusable neglect, (and none is known to the Petitioners). Such authority as does exist indicates that simple oversight is insufficient. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993); and *Lindsey v. U.S. RRB*, 101 F.3d 444,446 (5th Cir. 1996), discussed *infra*.

2

such precedent, it would constitute an abuse of discretion to grant INS' motion, which is based on nothing more substantive than: "I forgot," or, at best, "I was busy, and I forgot."

## II. ARGUMENT
### A. FRAP RULE 4(a)(5)(B) DOES NOT EXCUSE ALL LATE FILED APPEALS

The seminal Fifth Circuit case on this issue is *Halicki v. Louisiana Casino Cruises*, 151 F.3d 465 (5th Cir. 1998). *Halicki* follows and applies *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395-97 (1993), wherein the Court interpreted the phrase "excusable neglect" as follows (emphasis added):

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, **the reason for the delay, including whether it was within the reasonable control of the movant**, and whether the movant acted in good faith.

In *Halicki*, the Fifth Circuit upheld the District Court, which had concluded that the appellant had not shown either good cause or excusable neglect, under the following circumstances:

> Halicki's counsel claims that because he received notice of the final judgment by mail, he thought the three-day mail service provisions of FED. R. CIV. P. 6(e) applied to enlarge the ten days he otherwise would have from the entry of final judgment to file a rule 59(e) motion. Apparently unaware that the plain language of the rules, well-settled hornbook law, and every other circuit to address the issue had rejected the applicability of rule 6(e) to rule 59(e), the attorney waited until the tenth day *to mail* the rule 59(e) motion, causing it to arrive at the district court two days late.

Perhaps even more significant is *Midwest Employers Casualty v. Williams,* 161 F.3d 877,879-80 (5th Cir. 1998), where the Court reversed, for abuse of discretion, (over a dissent by the Hon. Emilio Garza), a decision by the District Court to grant an extension under circumstances very similar to those in *Halicki*:

> Other than stating that Williams would not suffer undue prejudice, the magistrate relied solely on "the different application of the 3-day extension rule" being a "trap for the unwary" when he found excusable neglect. As *Halicki* states, the nature of this very mistake "weighs heavily against a finding of excusable neglect." We therefore find that the magistrate judge abused his discretion in granting Midwest additional time to file notice of an appeal. *Accord Prizevoits v. Indiana Bell Telephone Co.,* 76 F.3d 132 (7th Cir. 1996) (overturning a grant of additional time to file notice of appeal where the plaintiff's attorney misapplied Federal Rule of Civil Procedure 6(b)); *Kyle v. Campbell Soup Co.,* 28 F.3d 928 (9th Cir. 1994) (reversing an order granting an enlargement of time under Rule 6(b) to file a motion for attorney's fees because an attorney's mistake about Rule 6(e) did not amount to excusable neglect). We continue to leave open the possibility that some misinterpretations of the federal rules could constitute excusable neglect, but we hold, as in the *Halicki* opinion, that this is no such "rare case indeed."

In the case at bar, INS has not even alleged a misreading of the federal rules. Rather, they claim pure oversight, unaccompanied by any "excuse." Absent a valid "excuse" for the oversight,[6] no finding could be made of "excusable" neglect, and the motion must be denied. This is supported by both Fifth Circuit and Supreme Court precedent on the subject. As noted in *Lindsey v. U.S. RRB,*

---

[6] Plaintiffs would again note that INS has not claimed that the oversight was **caused by** counsel's heavy workload as recited in the motion, which pertained only to the final days of the appeal window. Such a claim would be implausible, given that the appeal could have been filed at any time after September 23, 2002, and would have required, at best, a few minutes of the attorney's time.

4

*supra*, quoting *Peters v. U.S.*, 9 F.3d 344,345 (5th Cir. 1993):[7]

> We have held that "to establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice."

*See also, Pioneer Investment Services, supra,* 507 U.S. at 392 (footnote omitted):

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

*Pioneer* therefore appears to place "inadvertence" on the same level as "ignorance .. or mistakes construing the rules." Absent some special circumstances, (of which none has been asserted herein), neither constitutes "excusable neglect" under Fifth Circuit precedent. Granting such a motion would all but read the modifier "excusable" out of the phrase "excusable neglect."

### B.  IF EXTENSIONS WERE GRANTED FOR PURE OVERSIGHT, THE EXCEPTION WOULD SWALLOW THE RULE, AND READ THE QUALIFIER "EXCUSABLE" OUT OF THE PHRASE "EXCUSABLE NEGLECT."

That pure oversight is no more compelling an excuse than misreading a federal rule can also be discerned from the application of logic, and is mandated by the reasoning of *Halicki, supra.* For example, assume that in a given case, an attorney misread a federal rule, (e.g., FRAP Rule 4(a)(4)(B)(ii), requiring an amended notice of

---

[7] The Rule analyzed in *Peters*, F.R.Civ.P. Rule 4(m), was subsequently amended to remove the "good cause" requirement, but the Fifth Circuit has never repudiated the principle that "simple inadvertence or mistake of counsel or ignorance of the rules" does not constitute *excusable* neglect.

appeal under circumstances such as those of the case at bar). The attorney should not be able to convert such an error, which, under *Halicki*, would **not** justify a late appeal, into an: "I was busy and forgot" excuse, and have that be considered excusable neglect. In *Halicki*, 151 F.3d at 467-70 (quoting *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997)) (emphasis added), the Court reasoned as follows (emphasis added):

> Although in *Clark* [8] we left open the possibility that some misinterpretations of the federal rules may qualify as excusable neglect, such is the rare case indeed. Where, as here, the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable. **Were it otherwise, "almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline."**

Here too, a holding that "excusable neglect" had been shown where the excuse was: "I was busy: I forgot" would allow the exception to swallow the rule. As in *Halicki*, "Were it otherwise, 'almost every appellant's lawyer would plead his own [forgetfulness and heavy caseload] when he fails to comply with a deadline.'"

Finally, INS asserts as follows, (INS:3):

> Granting this motion would not prejudice any parties concerned, as Petitioner Gonzalez-Sanchez retains his declaratory and injunctive relief, and Petitioner Reyna-Montoya is no longer a member of the class.

This overlooks the fact that an unknown number of members of the certified class are still detained, and a large number have requested their deportation, given their inability to post bond. Further, the cases of at least two members of the certified class

---

[8] *U.S. v. Clark*, 51 F.3d 42 (5th Cir. 1995)

have been placed on hold pending resolution of the case at bar. [9] INS is seeking equity from this Court, but has not offered to "do equity," for example, by allowing these, and other detained class members, to benefit from the injunction and Declaratory Judgment, from which INS now seeks to file a tardy appeal.

**WHEREFORE,** it is respectfully submitted that INS has only alleged neglect, but has made no showing of *excusable* neglect, and its motion for leave to file a late appeal should therefore be denied.

Respectfully Submitted,



| Lisa S. Brodyaga, Attorney | Thelma O. Garcia, Attorney |
| 17891 Landrum Park Road | 301 E. Madison |
| San Benito, TX 78586 | Harlingen, TX 78550 |
| (956) 421-3226 | (956) 425-3701 |
| (956) 421-3423 (fax) | (956) 428-3731 (fax) |
| Fed. ID. 1178 | |
| Texas Bar 03052800 | |

## CERTIFICATE OF SERVICE

I, Lisa S. Brodyaga, hereby certify that a copy of the foregoing, and proposed Order, were mailed, first class postage prepaid, to Paul Fiorino, Attorney, OIL, P.O. Box 878, Ben Franklin Station, Washington, D.C., this 10th day of December, 2002.

_____

---

[9] *See, Hernandez de Montalvo v. Trominski,* CA B-02-126, and *Larin-Ulloa v. Ashcroft,* CA B-02-107.