```
                                              United States District Court
                                               Southern District of Texas
                                                        FILED

          UNITED STATES DISTRICT COURT           DEC 2 0 2002
           SOUTHERN DISTRICT OF TEXAS
              BROWNSVILLE DIVISION              Michael N. Milby
                                                 Clerk of Court
```

JUAN LUIS GONZALEZ-SANCHEZ,        )
                                   )
        Petitioners,                )
                                   )   CIVIL ACTION NO. B-02-026
        v.                         )
                                   )
E.M. TROMINSKI,                    )
INS DISTRICT DIRECTOR              )
BOARD OF IMMIGRATION APPEALS       )
                                   )
        Respondent.                )
_____)

**RESPONSE TO PETITIONER'S OPPOSITION TO GOVERNMENT'S MOTION TO FILE NOTICE OF APPEAL OUT OF TIME**

Respondent, the Immigration and Naturalization Service, respectfully responds to the Petitioner's opposition to the government's motion to file its notice of appeal to the Court's amended September 23, 2002 decision, out of time.

To begin with, Petitioner is correct in deducing that the government contends that there is a causal link between the heavy workload experienced and the lack of a timely notice of appeal. Respondent submits that the neglect is excusable.

Furthermore, recitation of the factors noted in <u>Pioneer Inv. Services Co. v. Brunswick Associates</u>, 507 U.S. 380 (1993) as cited by the Petitioner, is indeed relevant. In <u>Pioneer</u>, the Court held that the term "excusable neglect" permits the

acceptance of late filings caused by <u>inadvertence</u>, <u>mistake</u>, <u>or carelessness</u>, as well as by intervening circumstances beyond party's control. Respondent submits that the late filing was an inadvertent mistake of the undersigned attorney. At the <u>Pioneer</u> court held, among the factors to be considered in determining whether neglect is excusable is <u>prejudice to the non-moving party</u>. <u>Id</u>. at 395. There is none, and Petitioner can cite to none.

There is no prejudice to any party in granting the government's motion for the following reasons:

1) The government did timely file a notice of Appeal to the Court's initial September 9, 2002 decision.

2) That appeal was stayed by the Fifth Circuit on September 27. <u>Reyna-Montoya v. Trominski</u>, 5th Cir. No. 02-41323. Thus, the Court's ruling - its entire ruling - is stayed. Nothing is happening in this case.

3) The named petitioner was given his bond hearing and released.

4) There are no other class members who would be denied bond hearings because no class currently exists, as a result of the stay of the Court's ruling.

Furthermore, it is to be noted that, under FRAP 4(a)(1)(B) the Court may grant the motion to accept an untimely notice of appeal upon showing of excusable neglect <u>or</u> good cause.

Respondent submits that taken in total, the neglect was both excusable (due to the heavy workload experienced) and there is good cause (due to the fact that the Court's initial order is already on appeal, and the Court's order is stayed). Therefore, Respondent respectfully submits that there is no prejudice whatsoever in granting this motion[1].

                                       Respectfully submitted,

                                       ROBERT D. McCALLUM, Jr.
                                       Assistant Attorney General
                                       Civil Division

                                       RICHARD M. EVANS
                                       Assistant Director

                                       */s/ Paul Fiorino*
                                       PAUL FIORINO, Attorney
                                       Office of Immigration Litigation
                                       Civil Division
                                       U.S. Department of Justice
                                       P.O. Box 878
                                       Ben Franklin Station
                                       Washington, D.C. 20044
                                       (202) 353-9986

Dated: December 19, 2002

---

[1] Petitioner is incorrect in speculating, in footnote 4 of his opposition, that the filing of the notice of appeal was "stimulated by receipt by the INS of a motion to intervene filed by attorney Charles Banker. Otherwise, the 'oversight' would never have been detected." To begin with, the undersigned was never served with a copy of any pleading by Charles Banker. Further, this representation was never made to the Petitioner or to this Court, and it is wholly inappropriate for the Petitioner to speculate about the happenings of a legal office literally thousands of miles away. As a matter of fact, what prompted discovery of the overdue notice of appeal was an internal audit of pending deadlines for attorneys at the Office of Immigration Litigation.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2002, a copy of the foregoing "**RESPONSE TO PETITIONER'S OPPOSITION TO GOVERNMENT'S MOTION TO FILE NOTICE OF APPEAL OUT OF TIME**" was served upon petitioner's counsel by causing it to be placed in the Department of Justice mailroom in sufficient time for same day mailing, first class postage prepaid, and addressed to:

Lisa Brodyaga, Esq.
17891 Landrum Park Rd.
San Benito, TX 78586

PAUL FIORINO, Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 353-9986