United States District Court
Southern District of Texas
ENTERED

DEC 2 0 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

EUGENIO REYNA-MONTOYA, ET AL.,      §
                                    §
                    Petitioners,    §
v.                                  §       CV. NO. B-02-026
                                    §
E.M. TROMINSKI,                     §
INS DISTRICT DIRECTOR               §
                                    §
                    Respondent.     §

## ORDER

BE IT REMEMBERED that on December 20, 2002, the Court considered the motion of Francisco Javier De Leon-Saavedra to intervene in the above action [Dkt. No. 54]. The Court presumes that the prospective intervenor seeks permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2), which states, "when an applicant's claim or defense and the main action have a question of law or fact in common . . . [i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." The movant notes that he has attached a proposed complaint in intervention. No such complaint was attached. The Court, therefore, grants the movant leave to amend his motion.

As the Fed. R. Civ. P. 24(b)(2) is interpreted, permissive intervention is wholly discretionary "even when there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." Bush, et al. v. Viterna, 740 F.2d 350, 359 (5th Cir. 1984). Intervention is allowed after judgment. See Ceres Gulf and ESIS/INA v. Cooper, 957 F.2d 1199, 1203 (5th Cir. 1992). A determination of whether the motion is timely is measured by several factors applicable to this case: (1) how long the movant knew of his interest in the case before moving to intervene; (2) the prejudice to existing parties from any delay in seeking intervention; and (3) the prejudice to the prospective intervenor if he is not allowed to intervene. See Stallworth v. Monsanto Co., 558 F.2d 257, 264-66 (5th Cir. 1992). In this case, considerable time has passed since final judgment was entered (final judgment in this case was entered on September 23, 2002,

and the Motion for Intervention was received on December 2, 2002). The Court would, therefore, take the above factors into consideration when determining whether to permit intervention.

Finally, although not a requirement of permissive intervention, intervention as of right will not be granted if another party in the litigation adequately represents its interests. Fed. R. Civ. P. 24(a)(2). When a movant attempts to intervene and he is a member of a class already involved in the litigation, there is a presumption that the representation is adequate. See Jenkins v. State of Missouri, 34 F.3d 1270, 1275 (8th Cir. 1996).

Should the movant desire to amend and supplement his Motion to Intervene, the Court **ORDERS** that such amendments be filed no later than 3:00 p.m. on Friday, January 3, 2003.

DONE this 20th day of December, 2002, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge