IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 0 7 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| EUGENIO REYNA-MONTOYA, ET AL., | § § | |
| Petitioners, | § § | |
| v. | § § | CV. NO. B-02-026 |
| E.M. TROMINSKI, INS DISTRICT DIRECTOR | § § § | |
| Respondent. | § | |

ORDER

BE IT REMEMBERED that on February 7, 2003, the Court considered Respondent's Motion for Leave to File Late Notice of Appeal [Dkt. No. 55]. For the reasons that follow, the Court **GRANTS** this motion.

Respondent-INS filed its opposed Motion for Leave to File Late Notice of Appeal on December 4, 2002. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), the government must file its Notice of Appeal within 60 days after the judgment or order appealed is entered. In this case the deadline for filing the government's Notice of Appeal was November 22, 2002. The government's predominant reason for failing to file a timely Notice of Appeal is "oversight and conflicting obligations of the undersigned attorney." The government additionally enumerates the many filing obligations that existed during the week of November 18-22. Arguing these oversights constitute "excusable neglect," the government argues this motion does not prejudice any parties concerned because "Petitioner Gonzalez-Sanchez retains his declaratory and injunctive relief." See Respondent's Motion, at p. 3 [Dkt. No. 55]. Petitioner opposes the government's motion and argues the government has not demonstrated "excusable neglect."

The Supreme Court, in Pioneer Investment Services Co. v. Brunswick Assoc. Limited Partnership et al., 507 U.S. 380 (1993), held "excusable neglect" is not limited to cases where the failure to act was due to circumstances beyond the movant's control, but rather could encompass inadvertence, mistake, or carelessness. 507 U.S.

at 391. Inadvertent delays, therefore, may form the basis for a court's finding of "excusable neglect." Id. The Supreme Court was, however, careful to distinguish between inadvertent delays and inadvertence that is the result of ignorance of the rules or mistakes construing the rules. The latter usually do not constitute "excusable neglect." See also Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir. 1998) (holding excusable neglect was not demonstrated by counsel who misconstrued the federal criminal rules concerning the time to file a notice of appeal); Midwest Employers Casualty Co. v. Williams, 161 F.3d 877 (5th Cir. 1998) (holding Magistrate abused his discretion when he granted additional time to file appeal based on counsel's misinterpretation of the time to file a Rule 59(e) motion, which would have suspended the time for filing a notice of appeal). In Pioneer, the Court stated the Federal Rules of Civil Procedure do not indicate the drafters intended the phrase "excusable neglect" to mean anything other than the commonly accepted meaning of the phrase. Finally, the Court stated, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the parties omission." Id. at 395. These circumstances include the danger of prejudice to the non-moving party, the length of the delay, the reason for the delay, whether the failure to file a timely appeal was within the reasonable control of the movant, and whether the movant acted in good faith. Id.

  The Fifth Circuit has held, in the context of failure to effect timely service of process, that "simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice" to demonstrate "good cause" and "excusable neglect." Lindsey v. United States Railroad Retirement, 101 F.3d 444, 446 (5th Cir. 1993) (holding excusable neglect existed, in part, because the district court had failed to follow properly the Federal Rules of Civil Procedure). Indeed, the Fifth Circuit has held, "[w]here . . . the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable." Midwest Employers, 161 F.3d at 879. Nonetheless, the Court has affirmed the extension of filing time where, for example, the plaintiffs incorrectly used the term "et al." instead of listing all the parties. There the Court acknowledged that the original notice of appeal, although timely filed, was defective and insufficient to invoke appellate jurisdiction. The first notice of appeal,

however, served to place the parties on notice within the prescribed period of time. See Lackey v. Atlantic Richfield Co., 990 F.2d 202, 206 (5th Cir. 1993).

In the present case, this Court issued an order on September 23, 2002, in which it vacated and amended its previous September 9, 2002, order. The amended order merely clarified the previous order, and in particular stated the class certification applied only to the declaratory judgment. See September 23, 2002, Order, at p. 2 [Dkt. No. 50]. The remaining substance of the two orders was otherwise nearly identical. Most importantly, both orders granted the Petitioner's writ of habeas corpus and held that 8 U.S.C. § 1226(c)(1) is unconstitutional as applied to Legal Permanent Residents. The amended order did not contain any additional findings or new legal theories.

On September 18, 2002, the government filed a timely Notice of Appeal from the September 9, 2002, order. On September 27, 2002, the Fifth Circuit stayed this Court's amended September 23, 2002, order because there is a circuit split on whether 8 U.S.C. § 1226(c)(1) is constitutional, and the issue was then pending before the Supreme Court in another case. See Order Granting Respondent's Motion for Stay Pending Appeal [Dkt. No. 53]. The government did not file a timely Notice of Appeal from this Court's amended September 23, 2002, order.

In light of the above authorities, the facts of the present case seemingly fit within the circumstances articulated in Lackey. As in that case, here the government filed a timely Notice of Appeal soon after this Court issued its first order on September 9, 2002. The parties, therefore, were clearly on notice of the government's intention to appeal this Court's decision. In addition, the amended order merely clarifies the earlier order and does not add any additional grounds upon which to appeal.

The Court notes, and as Petitioner has pointed out in his opposition to this motion, the government was careless. Although government counsel provided the Court with a litany of competing filings close to the final date on which a Notice of Appeal could be filed, the government had 60 days prior to this deadline in which to file. Nevertheless, the government filed its motion for leave approximately 12 days after the deadline had passed, which complies with the allowed time frame in which to file a late Notice of Appeal. See Fed. R. App. P. 4(a)(5)(A)(i). Further, the Petitioner will not

likely be prejudiced because the Fifth Circuit has stayed the order pending resolution of a similar case at the Supreme Court. Finally, aside from the government's oversight and negligence, there is no reason to believe counsel acted in bad faith. Considering the circumstances and factors articulated in Pioneer, the Court FINDS the government has demonstrated excusable neglect and **GRANTS** the government's Motion for Leave to File Late Notice of Appeal.

DONE this 7th day of February, 2003, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge